188 So.2d 708 (1966)
Tom B. ALLEN, Plaintiff-Appellee,
v.
Guy PAULK, Defendant-Appellant.
No. 10605.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
*709 Alfred E. Soderman, Jr., Shreveport, for appellant.
James E. Franklin, Jr., Shreveport, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
Plaintiff instituted this action to enjoin defendant from permitting his dog to bark in the early morning hours in the neighborhood of 420 and 428 Forest Avenue, Shreveport, Louisiana. From judgment ordering the preliminary injunction to be made permanent defendant appeals.
Mr. and Mrs. Tom Allen have owned and lived in the residence located at 428 Forest Avenue for many years. Presently residing with them are their daughter and granddaughter. Four months prior to institution of this suit defendant purchased the house adjacent to that of plaintiff and has since lived there with his family. Defendant owns a German Shepherd dog which he keeps in his fenced back yard. It is the alleged barking of this dog in the early morning hours, specifically between four and six-thirty, that precipitated this litigation.
It was admitted the dog barked at passersby, the paper boy, the milkman and other persons making deliveries in the vicinity.
Plaintiff and his family testified the early morning barking awoke them and they could not go back to sleep, thus causing them extreme nervousness and discomfort. Other witnesses called by plaintiff stated they experienced serious disturbance of their rest and a feeling of annoyance because of being awakened at an unnecessarily early hour.
Defendant and neighbors testifying in his behalf stated that having a watchdog in the neighborhood gave them a feeling of safety.
The test of the right to an injunction against the maintenance of a nuisance is whether the alleged nuisance produces such a condition as, in the judgment of reasonable men, naturally produces actual physical discomfort to normal persons of ordinary sensibilities, tastes, and habits. Myer v. Minard (La.App. 2 Cir., 1945) 21 So.2d 72, and cases cited. Also 46 C.J. 683.
The trial judge found that when plaintiff contacted defendant in an attempt to remedy the situation defendant suggested his neighbors sleep with earplugs so they could not hear his dog. He further found plaintiff and his family had their sleep disturbed practically every day. He concluded that being awakened every morning at four o'clock by a barking dog in the immediate vicinity would produce actual physical discomfort to a normal person.
The following language from the trial judge's written reasons aptly disposes of this case:
"Counsel for defendant relies solely on the case of Myer v. Minard [La.App.] 21 So.2d 72 and argues the only distinction between the facts in the two cases is the type of animal involved. In the Myer case the animal involved was a rooster that crowed at daylight every morning. The Court of Appeal Second Circuit held, and correctly we think, the rooster's crowing did not constitute a nuisance. There are a number of distinctions between the two cases. There is quite a difference between the crowing of a five or six pound chicken and the barking of a seventy or eighty pound dog insofar as the loudness or volume and tone of the noise is concerned.
* * * * * *
"The most important distinction, however, lies in the facts found by the Court *710 of Appeal when it said: `Although there seems to be nothing impossible in these fast-moving times, we doubt if anyone has yet learned how to stop a rooster from crowing in the early morning, other than by wringing its neck. Therefore, the right claimed by plaintiffs is the right to prohibit defendant from keeping a rooster on his premises.'
"In the present case it would not be necessary to wring the dog's neck or even for the defendant to have to get rid of him in order to keep the dog from barking. If the defendant wishes to keep his dog he can keep the dog in his house. This would certainly not annoy the neighbors and should be a comfort to defendant's wife who testified it helped her stomach ulcers to have a watchdog on the premises."
The judgment appealed from is affirmed at appellant's cost.
Affirmed.