GARRISON, Judge.
Plaintiff, Daniel R. Pinello, filed a complaint in First City Court against defendants, Kevin L. Reed and Dorothy M. Garrett, alleging that a continuing loud noise, i.e. a barking dog, coming from the yard around Reed’s apartment in late 1988 made plaintiff’s continued habitation of his apartment at 5749 Pasteur Boulevard in New Orleans impossible and forced him to change residences. Plaintiff filed the complaint against Reed as the tenant of the apartment located at 5745 Pasteur Boulevard and against Garrett as owner of that property and landlord of Reed. According to plaintiff, Garrett is liable with Reed because she was aware of the nuisance to plaintiff caused by her tenant and because she promised to have the noise stopped but failed to do so. In plaintiff’s complaint, he asked to be awarded his expenses incurred in changing residences.
Defendant Garrett filed an exception of no cause of action against plaintiff arguing that a property owner cannot be held liable for the activities of a tenant. The First City Court judge maintained Garrett’s exception of no cause of action and dismissed her from this lawsuit. Plaintiff now appeals that judgment.
The law regarding nuisance actions is detailed in Louisiana Civil Code Articles 667-669 as follows:
LSA-C.C. art. 667:
Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
LSA-C.C. art. 668:
Although one be not at liberty to make any work by which his neighbor’s buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbor’s house, because this act occasions only an inconvenience, but not a real damage.
LSA-C.C. art. 669:
*990 If the works or materials for any ma-nufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.
The jurisprudence regarding nuisance actions does not specifically answer the question of whether or not a property owner can be held liable for the activities of his or her tenant. The cases cited by plaintiff in which the landowner was held liable with a person causing a nuisance on the landowner's property involved situations in which the party causing the nuisance was working for the landowner. The other cases cited by plaintiff involved situations where one landowner was granted recovery against another landowner for disturbances caused by that other landowner on his or her property.
In Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (La.1971), superseded by statute on other grounds in Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988), the Louisiana Supreme Court noted that in State ex rel. Violett et al v. King, 46 La.Ann. 78, 14 So. 423 (La.1894), a landowner and her tenant were granted recovery for a nuisance caused by an adjoining landowner. However, those cases did not address the issue of whether or not the tenant of a landowner can be granted recovery against an adjoining landowner for the activities of the tenant of the adjoining landowner.
Louisiana courts have clearly recognized noise as an appropriate basis for a nuisance action. Rodrigue v. Copeland, 475 So.2d 1071 (La.1985); Thornburg v. McMillin, 392 So.2d 1119 (La.App. 3rd Cir.1980) writ denied at 399 So.2d 599 (La.1981); Allen v. Paulk, 188 So.2d 708 (La.App. 2nd Cir.1966). Whether or not the circumstances of this case constituted a nuisance must be decided at a trial on the merits. Furthermore, because the pertinent code articles and the jurisprudence interpreting those articles do not specifically resolve the issue of whether or not a landowner can be held liable for a nuisance caused by his or her tenant, this issue must also be decided at a trial on the merits.
Therefore, the trial court judgment maintaining defendant Garrett’s exception of no cause of action and dismissing Garrett from this case is hereby reversed and this matter is remanded for trial on the merits.
REVERSED AND REMANDED.