Judge Edwin A. Lombard
11Peterson M. Yokum, and Polly E. Anderson (“the Appellants”), seek review of the July 31, 2015 judgment of the district court denying their Motion for Permanent Injunction against neighboring French Quarter nightclub Funky 544, LLC, as well as its management company and its officers, property owners, and various insurers, (collectively referred to herein as “Funky 544”- or “the nightclub”). They further seek review of the denial of their Motion to Find Violations of the Preliminary Injunction and/or Contempt under La. Code Civ. Proc. art. 3611. Finding that the judgment of the district court is not manifestly erroneous, we affirm.
Funky 544 is located at 544 Bourbon St. in the French Quarter or the Vieux Carré. As French Quarter residents living near Funky 544 at 723 Toulouse St., the Appellants aver that they submitted verbal and written complaints to the nightclub’s operators requesting cessation of the excessive amplified sound emanating from the property, but to no avail. Consequently, in 2010, they filed suit against Funky 544 asserting misdemeanor nuisance claims punishable by fines |?and/or imprisonment resulting from their amplifier and sub-woofer usage.[1] The Appellants sought in-junctive and declaratory relief as well as damages. The Appellants explain that their lawsuit involves nuisance claims relating to physical sound-wave trespasses of excessive sound levels. Additionally, Mr. Yokum also raised claims under Sec. 66-136 et seq. of the Code of Ordinances for the City of New Orleans, which is also known as the City of New Orleans Noise Ordinance (“the NONO”).
On January 7, 2013, the district court issued a preliminary injunction wherein it ordered that Funky 544:
... be enjoined from violating and shall comply with all applicable sections of the City of New Orleans Noise Ordinance, Sections 66-136, et seq., and specifically, Sec. 66-201, 202 and 66-203. This Court has instructed the Defendants immediately institute policies and procedures to ensure the level of noise emanating from *1068 Defendants’ premises does not exceed the sound level as indicated in Sec. 66-202 “Maximum permissible sound levels by receiving land use.” This includes, but is not limited to, taking appropriate measurements as called for by the City of New Orleans Noise Ordinance Sec. 66-201. [2] and reducing the level of sound emanating from the premises as necessary to comply.
|,qThe Appellants later filed a Motion for Violation of the Preliminary Injunction and/or Contempt asserting that Funky-544 failed to comply with the preliminary injunction. They assert that Funky 544 refused to institute a sound control program to comply with the NONO and did not maintain compliance documents. The district court referred the motion to trial on the merits.
After several days of trial, a jury determined that Funky 544 was not a nuisance to the Appellants, who were not awarded damages. Post-trial, the district court considered the Appellants’ Motion for- Judgment Not Withstanding Verdict and a Motion for New Trial, which were denied by the district court. The district court also considered the Appellants’ Motion for Violation of the Preliminary Injunction and/or for Contempt and Motion for Permanent Injunction. The district court denied both motions. This timely appeal followed. The Appellants raise eight assignments of error:
1. the district court erred in denying the Appellants’ Motion for Violations of the Preliminary Injunction and/or for Contempt and compounded this error in erroneously requiring them to prove that Funky 544 “willfully” violated the preliminary injunction pursuant to La. Code Civ. Proc. art. 3611. Alternatively, the district court erred in not finding that the violations were willful, in light of the extensive evidence of noncompliance and destruction of compliance records;
2. the district court erroneously refused to apply Sec. 66-203(3)(d) of the NONO. Furthermore, the district court erroneously refused to allow, and therefore failed to consider the Appellants’ expert testimony at the trial regarding Funky 544’ violations of Sec. 66-203(3)(d);
3. the district court’s failure to hold that the Preliminary Injunction was violated erroneously deprives the Appellants of the damages to which they were entitled under La. Civ. Code Proc. art. 3611;
4. The district court failed to apply the legal requirement that a permanent injunction shall be issued in eases where | irreparable harm and/or damage are proven, and erroneously found “insufficient basis to grant a permanent injunction”- where the evidence before the Court proved beyond a preponderance of the evidence that the permanent injunction was mandated by the law. It further failed to properly analyze and make a factual determination of the existence of the nuisance and/or nuisance per se, as required under the jurisprudence of this State pursuant to La. Civ. *1069 Code art. 667-669, and the NONO, and fashion an appropriate injunction .to abate the nuisance;
5. The district court’s finding that “the sound emanating from Funky 544 was barely audible in Plaintiffs’ home when the doors and window were open and were not audible at all inside of the home when the doors and windows were closed” is clearly erroneous;
6. The district court erred in failing to apply an adverse evidentiary presumption against Funky 544 for their knowing destruction of their very own environmental noise measurements;
7. The district court deprived the Appellants of their federal and state constitutional right to a fair hearing under La. Constit. Art. 1, § 22 and the Fourteenth Amendment of the U.S. Constitution; and,
8. The district court failed to fulfill its obligation to protect the tout ensemble of the Vieux Carré as required by the Constitution of the State of Louisiana.
Denial of the Motion for Violation of Preliminary Injunction
The Appellants’ first three assignments of error relate to the district court’s denial of their Motion for Violations of the Preliminary Injunction and/or for Contempt as a result of the district court:
• erroneously requiring the Appellants to prove that Funky 544 “willfully” violated the preliminary injunction for a finding of civil contempt;
• failing to find that the NONO violations were willful, in light of the extensive evidence of non-compliance and destruction of compliance records; and,
|fi* erroneously refusing to apply Sec. 66-203 (3)(d) of the NONO and erroneously refusing to allow and consider the Appellants’ expert testimony at the trial regarding Funky 544’s violations of Sec. 66-203(3)(d); ■
• lastly, they aver that as a result of the denial of said motion to Find Violations of the Preliminary Injunction and/or Contempt they are deprived of damages they are entitled to under La. Civ. Code Proc. art. 3611, such as expenditures for experts; compensatory damages for their proven damages; and entitlement to equitable relief to have the Court “undo or cause to be undone” the Appellees’ nuisance operations.
A trial court is vested with great discretion to determine whether circumstances ■ warrant holding a party-in constructive contempt of court[3] for willful disobedience of a court order. New Jax Condominiums Ass’n, Inc. v. 620 Decatur, L.L.C., 14-0026, pp. 1-2 (La.App. 4 Cir. 5/28/14), 141 So,3d 932, 933 [citations and subsequent history omitted]. Appellate courts use the manifest error rule when reviewing the propriety of civil contempt orders. Id:
In New Jax Condominiums Ass’n, Inc., the defendant sought the reversal of a district court judgment finding it in contempt of court for violating a previously issued preliminary injunction. Id., 14-0026, p. 1,141 So.3d at 933. As stated above, we noted that district courts consider whether “willful disobedience” of a court order has occurred. Similarly, in the instant matter the district court correctly considered whether Funky 544 acted willfully in allegedly violating the district court’s preliminary injunction.
The Appellants assert that the district court erroneously included consider *1070 ation of Funky 544’s willfulness or intent to violate the NONO because La. Code of Civ. Proc. art. 3611 does not require that “willfulness” be proven nor |fidoes it require any element of knowledge, intent or willful action on the enjoined party’s behalf to establish. The Appellants rely upon the wording of art. 3611 which provides:
Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of. the violation.
Considering that a violation of a preliminary injunction is punishable as a contempt of court, the district court did not err in considering the willfulness of Funky 544’s alleged actions. Therefore, the Appellant’s argument that the district court erroneously considered the willfulness of the nightclub’s actions is without merit.
The Appellants further argue that Funky 544 willfully violated the preliminary injunction as evidenced through their testimony and expert testimony that Funky 544 violated the NONO on numerous occasions. causing the Appellants to endure mental anguish, pain and suffering as a result of the violations. Additionally, they assert that Funky 544 made a minimal showing of compliance and destroyed incriminating sound measurements. Moreover, the Appellants assert that willful disobedience of the preliminary injunction occurred as a result of Funky 544’s failure to obtain a sound measuring device, retain an expert to conduct training on operating the device and determine proper limitations and procedures to assure compliance.
The Appellants’ rely upon the reports and testimony of their expert, Arno Bom-mer, an acoustic engineer, who documented violations of the preliminary injunction and the NONO, and testified that three different violations occurred at |7varying times on one day in September 2013 and more violations occurred in the same month. Mr. Bommer’s findings were uncontested, according to the Appellants. The evidence and testimony presented, they contend, demonstrate that violations of the preliminary injunction occurred and that damages were sustained by the Appellants as a result, including mental anguish, pain and suffering.
For instance, they aver that Mr. Yokum testified that on at least fifty occasions he was so distressed by the noise trespasses that he began logging his calls and complaints contemporaneously. The Appellants further point to the nightclub’s destruction of its own noise measurements as proof of its inability to contest their claims that violations occurred.
They also contend that the district court acknowledged in its Reasons for Judgment that the sound emanating from Funky 544 will continue to be audible within the Appellants’ home, which would necessarily include evening hours. These continuous violations, they aver, formed a basis for finding that the preliminary injunction was violated and that a permanent injunction should have been issued.
The district court explained in its Reasons for Judgment that there was no evidence of a willful violation of the preliminary injunction:
The evidence revealed that defendants [Funky 544] have not willfully violated the Preliminary Injunction. Specifically, defendants did close the door closest to plaintiffs’ home and tried to place a sound reader in the bar. However, the disc jockey was unable to see the reader. Despite this, the testimony demonstrated that at sound levels that are even higher than the levels requested by plaintiffs, the sound emanating from *1071 Funky 544 was barely audible in plaintiffs’ home [sic] when the doors and windows were open and were not audible at all inside of the home when the doors and windows were closed.
l8For these reasons, the court finds that there is insufficient evidence to find that defendant. Funky 544, L.L.C. violated the Preliminary Injunction and there is insufficient basis to grant a permanent injunction.
We agree with the findings of the district court as to its denial of the Motion for Violations of the Preliminary Injunction and/or for Contempt because there was conflicting evidence presented as to whether Funky 544’s actions were willful and whether it had violated the preliminary injunction. Where there is conflict in the testimony, reasonable evaluation of credibility should not be disturbed on appeal. Badke v. USA Speedway, LLC, 49,-060, p. 20 (La.App. 2 Cir. 5/14/14), 139 So.3d 1117, 1128 [subsequent procedural hist, omitted](quoting Rosell v. ESCO, 549 So.2d 840 (La.1989)). Furthermore, the trial, court has great discretion to accept or reject expert testimony. Id., 49,060, p. 18, 139 So.3d at 1127. Thus, the district court’s holding has a reasonable basis and cannot be manifestly erroneous.
The Appellant’s expert, Mr. Bommer, was accepted by the district' court as an expert noise control engineer. Mr. Bom-mer began conducting noise or sound tests and taking measureménts in March 2011. Eric Zwerling, Funky 544’s expert, was accepted by the district court as an expert in noise ordinances, regulatory enforcement, noise-level measurement assessment and interpretation. He was retained in 2013.
The experts had different objectives in their respective tests. Mr. Bommer’s tests were focused on whether the NONO was violated. He admittedly performed most of his testing on Bourbon St. and Toulouse St. outside of Funky 544 as well as outside of Mr. Yokum’s home, respectively. Mr. Zwerling, however, focused on determining whether the noise emanating from Funky 544 impacted the Appellants inside their home. Mr. Zwerling opined that while he believed the | ^Appellants heard noise in their home, he did not believe the music was coming from Funky 544. Indeed, testimony was adduced at trial from Mr. Bommer that he was retained by the Appellants to take sound measurements at multiple French Quarter businesses that the Appellants believed were violating the NONO and committing noise trespasses.
Mr. Zwerling further explained at trial that there are two distinct issues involved in this matter: violation of the NONO and the impact of the noise from Funky 544 on the Appellants. The district court heard testimony from both experts regarding a controlled test that both experts performed together in June 2014 • that the noise emanating from Funky 544 at high levels was barely audible in the Yokum home. Mr. Bommer testified that the noise was inaudible with the doors closed and also inaudible when the air conditioning unit was operating in the home.
Furthermore, the experts offered differing opinions as to what the sound level at Funky 544 should be so as to not impact the Appellants. Mr. Bommer testified that the sound level in the nightclub should not exceed 86 dBA or 98 dBC, whereas Mr. Zwerling testified that the sound level should not exceed 96 dBA. Furthermore, Mr. Zwerling explained that he disagreed with Mr. Bommer’s methodology in measuring the ambient sound level,[4] the meas *1072 urement the NONO uses a foundation to determine and compare alleged noise violations against under Sec. 66-202. Mr. Bom-mer used an Lmax level to measure ambient sound, instead of the measurement required by the NONO, according to Mr. Zwerling.
| t (Additionally, Jude Marullo, the managing member of Funky 544, testified that the nightclub implemented changes to reduce its sound immediately after the Appellants filed their lawsuit and prior to the preliminary injunction being issued. He testified that the nightclub's Toulouse St. doors were closed. He further explained that Funky 544 later insulated the Toulouse St. doors shut with plexiglass at Mr. Zweriing’s recommendation. Mr. Marullo also testified that other sound reduction measures were taken by the nightclub:
• insulating the bottom of the stage to trap the bass in that area;
• installing acoustical foam;
• relocating sound speakers more than 10 feet away from its opening; installing a plexiglass drum shield around the drummer;
• using an inner-ear monitoring system that allowed sound from the stage to be reduced and for removal of speakers in the stage area; and
• installing a sound alert monitor at its doorway to warn its employees that the sound limit was being approached.
He explained that the above-referenced measures were implemented by the nightclub over-time,
Furthermore, although the Appellants allege that missing written recordings of noise volume that were taken by band sheets at the door of Funky 544 were destroyed by the nightclub, door readings are not indicative of compliance with the NONO, which requires that sound measurements be taken from 25 feet away from establishments. Indeed, this very issue was addressed by the district court. On February 18, 2014, the district-court held a hearing on the Appellants’ motion for contempt where they argued that Mr. Marullo should be held in contempt for |, allegedly making misleading statements in his deposition testimony regarding the existence of discarded sound measurements, and that Funky 544 should be held in contempt for knowingly failing to produce documents of the sound measurements in response to discovery requests and a subpoena. The district court rendered judgment on June 19, 2014, granting the motion as to Funky 544 only. The court held that spoliation of evidence occurred and ordered that Funky 544 would be estopped from disputing the sound readings made by the Appellant’s expert from the nightclub’s doorway.
The district court expounded in its Reasons for Judgment that it decided to remedy the spoliation matter by estopping the nightclub from disputing the sound readings taken at its doorway by the Appellant’s expert. The district court also explained that “these numbers are only one of the readings needed to determine if the sound ordinance was violated.., Therefore, the discarded readings are not in and of themselves evidence of a violation of the noise ordinance,” We find no abuse of the district court’s discretion in rectifying the spoliation issue in the manner in .which it did. .
Additionally, with regard to the Appellants’ alleged damages, Dr. Robert Porter, a neuropsychologist, testified that he treated the Appellants and diagnosed them with adjustment disorder that was caused by noise. In essence, the Appellants suffered psyqhological damage as a result of *1073 trying to adjust to their environment. Dr. Porter testified that because other- establishments near the Appellants were involved, he could only attribute a portion of the problem to Funky 544. This testimony is consistent with Mr. Zwerling’s testimony that while he believed that the Appellants were affected by noise in their home, he did not believe that Funky 544 was the source of the noise.
11?In light of the foregoing conflicting testimony regarding the sound measurements, the impact of the noise of the Appellants and the sound remediation measures taken by the nightclub, we find that the district court had a reasonable basis for determining that Funky 544 did not willfully violate the preliminary injunction. This argument is without merit.
Lastly, regarding the Appellants’ claims that the district court erred in refusing to apply Sec. 66-203(3)(d) of the NONO and allow expert testimony on the same, we also find that this claim is without merit based upon our review of the record. The Appellants aver that when the district court issued the preliminary injunction, it specified that Funky 544 had to comply with Sec. 66-203.
Sec. 66—203(3) (d) of the NONO, provides:
In addition to the general prohibitions set out in this article, the following specific acts are declared to be in violation of this article:
(3)' Radios, televisions, musical instruments and similar devices.
d. It shall be unlawful between the hours of 9:00 p.m. Sunday through Thursday and 10:00 a.m. on the subsequent morning or between the hours of 10:30 p.m. on a Friday or Saturday and 10:00 a.m. the subsequent morning to operate or play in a dwelling occupying a parcel or lot of land or to operate or play anywhere on a parcel or lot of land contiguous or adjacent to another parcel or lot- of land occupied by a neighboring dwelling any radio,, television, phonograph, loudspeaker, sound-amplification equipment or similar device which produces or reproduces sound in such a manner as to be plainly audible at a distance of one foot from any exterior wall of the neighboring dwelling or at a distance beyond the boundary between the parcels or lots, whichever is the lesser distance from the point where the sound is produced or reproduced.
I i.gThe Appellants aver that because this portion of the ordinance is a part of Sec. 66-203, it should have been applied and not excluded by the district court. We disagree.
The district court stated in its 2013 preliminary injunction judgment that Funky 544 “shall be enjoined from violating and shall comply with all applicable sections” of the NONO. At trial, the district court determined that the wording of section was factually inapplicable because Funky 544 is neither “contiguous or adjacent to” the Yokums’ residence at 723 Toulouse St. According to Black’s Law Dictionary, contiguous is defined as “[tjouching at a point or along a boundary; adjoining.” Black’s Law Dictionary (10th ed.. 2014). Furthermore, adjacent is defined as “[Dying near or close to, but not necessarily touching.” Black’s Law Dictionary (10th ed. 2014). The district court explained at trial:
... However, the. ordinance does say contiguous or adjacent, which the Court rules does not include a property approximately 200 feet from the Yokum’s residence. So for that reason, the Court finds the ordinance inapplicable to Funky 544.
Considering the definitions of contiguous and adjacent and the locations of the properties at issue, we do not find that the district court erred in determining that section (d) of the ordinance was inapplica *1074 ble under the facts presented. This argument is without merit.
As a result of finding that the district court did not err in denying their Motion for Violations of Preliminary Injunction and/or for Contempt, we conclude that the Appellants were not erroneously deprived of damages under La. Civ. Code Proc. art. 3611.
| uErroneous Denial of Motion for Permanent Injunction
The Appellants aver that they established by a preponderance of the evidence that the Appellees continuously violate the applicable the NONO ordinances, thus warranting that a permanent injunction be issued under La. Code Civ. Proc. art. 3601.[5] The district court, they contend, erred in failing to perform the required analysis and in failing to find that the noise generated by Funky 544 “constituted an actionable nuisance pursuant to Articles 667-669 [of the Louisiana Civil Code] for which a permanent injunction must issue.” Moreover, they contend that the district court abused its discretion in failing to issue a permanent injunction to prevent future damages and trespasses from occurring.
The Appellants maintain that Funky 544 had an affirmative duty to refrain from using its property in a manner that causes injury to the Appellants or interfere with their right to peaceable possession of their property under La. Civ. Code arts. 667-669. These code articles, they argue, impose an affirmative duty, or legal servitude, limiting the scope and extent of the right of ownership in immovable property, which have been recognized by the Louisiana Supreme Court in Inabnet v. Exxon Corp. 93-0681, p. 8 (La. 9/6/94), 642 So.2d 1243,1250.
The Appellants argue that Louisiana jurisprudence recognizes that the above-referenced code articles encompass not only physical invasions of neighboring properties, but also noise trespasses that can “constitute a nuisance subject to an action for damages and injunction when the noise is excessive, unreasonable in degree, and of such character as to produce actual physical h ¡^discomfort and annoyance to a person of ordinary sensibilities.” Thorn-burg v. McMillin, 392 So.2d 1119 (La.App. 3rd Cir.1980), writ denied, 399 So.2d 599 (La.1981); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975) (abrogated by Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Furthermore, they aver that night-time noise has specifically been recognized as a nuisance by the Second Circuit. Hobson v. Walker, 41 So.2d 789 (La.App. 2nd Cir. 1949). They also rely upon the Louisiana Supreme Court’s finding that material injury to neighboring property can occur or interfere with its comfortable use and enjoyment by persons of ordinary sensibilities. McGee v. Yazoo & M.V.R. Co., 206 La. 121, 19 So.2d 21 (1944); McCastle v. Rollins Envtl. Servs. of Louisiana, Inc., 456 So.2d 612 (La.1984); Allen v. Paulk, 188 So.2d 708 (La.App. 2nd Cir.1966).
The Appellants argue that the law recognizes that the loss of reasonable enjoyment of one’s home generally cannot be adequately compensated by the payment of money and therefore constitutes irreparable loss. Jim Walter Homes, Inc. v. lessen, 98-1685, (La.App. 3 Cir. 3/31/99), 732 So.2d 699; Robbins v. State Through State Land Office, 97-671 (La.App. 3 Cir. 12/17/97), 704 So.2d 961, writ denied, 98-0176 (La. 3/20/98), 715 So.2d 1214. They *1075 further rely upon the Supreme Court’s holding in Jurisich v. Jenkins, 99-0076, p. 4 (La. 10/19/99), 749 So.2d 597, 599-600, that irreparable harm does not have to be shown when a plaintiff seeks a prohibitory injunction to order compliance with a prohibitory law. Once a plaintiff has made a prima facie showing that the conduct to be enjoined is reprobated by law, the Appellants contend, the petitioner is entitled to injunctive relief without having to establish that no other legal remedy exists. The Appellants argue that they met the requisite burden of proof with the evidence and unrefuted l1fitestimony adduced at trial demonstrating that Funky 544’s actions caused them to suffer real damage, not mere inconvenience. The Appellants allege that their damages include a diagnosed injuries as well as causing annoyance, inconvenience, and loss of use of property. The Appellants claim that they can feel the low frequency booms trespassing into their home.
“To obtain injunctive relief under La. C.C. arts. 667-669, a party must prove irreparable injury under La. C.C.P^ art. 3601 in addition to the necessary showing of real damage.” Parish of East Feliciana ex rel. East Feliciana Parish Police Jury v. Guidry, 04-1197, p. 14 (La.App. 1 Cir. 8/10/05), 923 So.2d 45, 53 [citations omitted]. Additionally, La. Civ. Code art. 3601, provides in pertinent part:
A. An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law ...
C. During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
A permanent injunction can only be issued under art. 3601 after a trial on the merits in which the burden of proof is a preponderance of the evidence. Parish of East Feliciana, 04-1197, p. 14, 923 So.2d at 53. The First Circuit further explained that the appropriate standard of review for the issuance of a permanent injunction is manifest error:
The.manifest error standard is the appropriate standard of review for the issuance. of a permanent injunction, as well as a trial court’s factual determination of whether an activity constitutes a nuisance. Mary, Moe,[L.L.C. v. Louisiana Board of Ethics], 2003-2220 at p. 9, 875 So.2d [22] at 29 [ (La.2004) ]; Barrett [v. T.L. James & Co.], 28,170 at p. 6, [ (La.App. 2 Cir. 3/4/96)] 671 So.2d [1186] at 1191. Under this standard, in order to [ 17reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and find that a reasonable factual basis does not exist for the finding, and further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). Thus, if the trial court’s findings are reasonable in light of the record reviewed in its entirety, this court may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently.
Id., 04-1197, pp. 14-15, 923 So.2d at 53.
As previously mentioned, it is the duty of the trier of fact to weigh credibility and to accept or reject all or part of a witness’s testimony. Badke, 49, 060, p. 20, 139 So.3d at 1128. Where there is conflict in the testimony, reasonable evaluation of credibility should not be disturbed on appeal. Id., quoting Rosell v. ESCO, 549 So.2d 840 (La.1989). Furthermore, the trial court has great discretion to accept or reject expert testimony. Id., 49-060, p. 18, 139 So.3d 1117, 1127.
*1076 Based upon the previously discussed conflicting testimony presented to the trial court regarding the district court’s denial of the Motion for Violation of Preliminary Injunction and/or for Contempt, we similarly find that the district court did not err in determining that the Appellants did not prove that they suffered irreparable harm caused by Funky 544 by a preponderance of the evidence. It was unclear to the district court whether the noise heard by the Appellants inside their home, as well as the Appellants’ documented damages and medical conditions, were caused by Funky 544 or other French Quarter businesses. Furthermore, there was evidence to suggest that the nightclub successfully implemented noise reduction measures and that noise measurements taken wifhin the Appellants’ | ahorne indicated that high noise levels emanating from Funky 544 were barely audible in' the Appellants’ home.
Although another trier of fact may have reached a different conclusion, we do not find that the holding of the district court is manifestly erroneous. Furthermore, the Supreme Court’s holding Jurisich is inapplicable to the matter sub judice because Jurisich did not involve review of a permanent injunction, but the issuance of a preliminary injuction. Jurisich, 99-0076, p. 4, 749 So. 2d 599-600. There is no caselaw cited by the Appellants for the proposition that irreparable harm does not have to be shown for the issuance of a permanent injunction. Thus, for the foregoing reasons, we find that this assignment of error is without merit.
Assignments of Error 6, 7 and 8
We pretermit discussion of the Appellants’ sixth assignment of error having already discussed' that the district court did not err in finding that an adverse eviden-tiary presumption should be applied against Funky 544 as a result of its failure to produce sound measurements taken at its doorway.
In their remaining assignments of error, the Appellants levy claims that they have been deprived of their federal and state constitutional right to a fair trial under La. Constitution Art. 1, Sec. 22[6] and the Fourteenth Amendment of the United States Constitution because the district court ignored uncontested evidence of actual ordinance violations and by failing to enforce the requirements of its own | ^orders. They assert that this is tantamount to the denial of due process. The district court allegedly altered past judgments and disregarded unrefuted objective evidence. However, as we previously explained there is a reasonable basis for the district court’s findings based upon the expert testimony of Mr. Zwerling, and Mr. Marullo. Furthermore, our review of the hearing transcript on the motions reveals that the district court thoroughly considered the arguments of the parties as well as the relevant evidence and witness testimony that was previously adduced at trial. Consequently, we find that this argument is without merit.
The Appellants further argue that they live in a Constitutionally-protected area, the Vieux Carré, pursuant to La. Const. Art. XIV, Sec. 22(A).[7] They aver that the *1077 district court’s failure to grant their motions “jeopardizes constitutionally—recognized vital public.interests to preserve this community,” The district court’s error, they contend, permits the “unabated disturbance of such an interest” although there is clear evidence that noise violations and trespasses are occurring. They explain that the noise trespassing their home also necessarily trespasses into public spaces and streets of the French Quarter.
These constitutional, arguments are inapposite to our -review of whether the district court erred in determining.that the Appellants failed to establish that the preliminary injunction was violated and failed to carry their burden of proof by a preponderance of the evidence that a permanent injunction should have been issued against Funky 544. Furthermore, there is no indication from the record that these arguments were raised in the district court. Appellate courts generally find it | ¡^inappropriate to consider an issue raised for the first time on appeal which was not pled, urged, or addressed in the court below. Graubarth v. French Mkt. Corp., 07-0416, p. 5 (La.App. 4 Cir. 10/24/07), 970 So.2d 660, 664 [citation omitted]. Therefore, we find these assignments of error to be without merit.
DECREE
For the foregoing reasons, the judgment of the district court denying the Motion for Violation of Preliminary Injunction and Motion for Permanent Injunction of the Peterson M. Yokum, and Polly E. Anderson, is affirmed.
AFFIRMED
LANDRIEU, J., CONCURS IN THE RESULT.

. We note that Mr. Yokum has lodged similar complaints against other French Quarter businesses, including The Court of Two Sisters and Pat O'Brien’s Bar, Inc. See Yokum v. Pat O'Brien’s Bar, Inc., 12-0217, p. 1, n. 2 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 76.

. Sec. 66-201, entitled Noise measurement, states:
Sound level measurements shall be made with a properly calibrated sound level meter Type 2 or better using the A-weighted network in accordance and conforming with the noise measurement standards, based on the reference sound pressure, promulgated by the American National Standards Institute and Testing Procedures (ANSI). Instrument response shall be "fast” for motor vehicle measurements and "slow” for all other measurements.
Furthermore, “A-weighted sound pressure level means the sound pressure level as measured on an ANSI-SI.4-1971 Type 1 or Type 2 sound level meter using the A-weighted network. It is the approximate noise level as heard by the human ear, measured in decibels, and denoted as dBA,” Sec 66-136, the NONO.

. Pursuant to La. Code Civ. Proc. 224(2), "a , constructive contempt of court is any contempt other than a direct one,” including ''willful disobedience of any lawful judgment, order, mandate, writ, or process of the court.”

. According to Sec. 66-136 of the NONO, “ambient noise level means the sound pressure level of the all encompassing noise associated with a given environment, being usually a composite of sounds from many sources *1072 and excluding the specific noise under investigation; also the A-weighted, sound pressure level exceeded 90 percent of the time (L 90).”

. The Appellants also contend that statutorily Funky 544 is prohibited from disturbing the peace by virtue of having an alcohol beverage license under La Rev. Stats. 26:90 and 26:286. They further aver that the New Orleans Municipal Code also prohibits maintaining or creating a nuisance within the meaning of article La. Civ. Code art. 667,

. La. Const, art. I, § 22 provides:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.

. The Appellants rely upon art, XIV, § 22(A) of the Louisiana Constitution of 1921. The Louisiana Constitution of 1974 retained the authority for the Vieux Carré Commission (VCC) in Art. VI, § 17. Apasra Properties, LLC v. City of New Orleans, 09-0709, p. 8 (La.App, 4 Cir. 2/11/10), 31 So.3d 615, 621.