TERRI F. LOVE, Judge.
 

 | iPlaintiffs, Guillermo and Demetria Lopez, appeal the trial court’s judgment granting an exception of prescription in favor of defendant, House of Faith NonDenominational Ministries (“House of Faith”). We find that the prescriptive period did not commence until Defendant’s building was demolished. We therefore reverse and remand.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 Guillermo and Demetria Lopez “(Plaintiffs”) own a house at 1326-1328 Elysian
 
 *681
 
 Fields Avenue in New Orleans, Louisiana; House of Faith Non-Denominational Ministries (“Defendant” or “House of Faith”) owns a building on the adjacent property. Plaintiffs returned to New Orleans on January 3, 2006, following Hurricane Katrina. At that time, Plaintiffs discovered that defendant’s building was damaged and leaning over their property line. Pastor Christina Ford, minister and director of House of Faith, also returned to New Orleans in early January of 2006 to find the building leaning.
 

 In March of 2006, Defendants filed an application for demolition of private property with the City of New Orleans. On May 22, 2006, the City issued a notification of intent to demolish defendant’s building.
 

 |2Plaintiffs submit that sometime in the summer or fall of 2006, Defendant’s building fell onto Plaintiffs’ house. Defendant claims that the contact occurred on June 1, 2006. Defendant’s building remained in contact with Plaintiffs’ house until June 10, 2007, when it was demolished by the City of New Orleans.
 

 Plaintiffs filed the instant lawsuit on December 7, 2007. The petition alleges that Defendant failed to repair the defect that caused damage to their property and failed to exercise reasonable care to prevent damage to their property. More specifically, the petition asserts liability on the part of Defendant pursuant to La. C.C. art. 660, which requires a property owner “to keep his buildings in repair so that neither their fall nor that of any part of their materials may cause damage to a neighbor....” The petition further alleges that Defendant is liable under La. C.C. art. 2322, which provides that “the owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it.... ”
 

 Defendant filed exceptions of prescription, no right of action, and no cause of action. In connection with the exception of prescription, Defendant asserts that the one year prescriptive period began to run on June 1, 2006, the date its building first made contact with Plaintiffs’ house. Plaintiffs opposed the exception arguing: 1) they did not discover the full extent of the damage until defendant’s building was demolished on June 10, 2007; and 2) Defendant’s continued failure to repair and/or remove its building was a continuing tort which did not abate until the building was demolished.
 

 The trial court granted the exception of prescription and rendering moot the exceptions of no right and no cause of action, and Plaintiffs’ appealed.
 

 EXCEPTION OF PRESCRIPTION
 

 | -¡On appeal, Plaintiffs argue that the trial court erred in granting the exception of prescription because the damage to their property was caused by a continuing tort. Plaintiffs further contend that the trial court erred in granting the exception even though the suit was filed less than one year after the damage occurred.
 

 La. C.C. art. 3492 provides that delictual actions are subject to a liberative prescription of one year, which commences to run from the date the injury or damage is sustained. As a general rule, the party pleading prescription bears the burden of proving the plaintiffs claim has prescribed; however, when a claim has prescribed on its face, the burden shifts to the plaintiff to demonstrate prescription was suspended or interrupted.
 
 In re Medical Review Panel for the Claim of Moses,
 
 2000-2643, p. 6 (La.5/25/01), 788 So.2d 1173, 1177.
 

 The first issue in the present case is whether it is evident on the face of the petition that Plaintiffs’ claim has prescribed. A review of the petition shows
 
 *682
 
 that it alleges a continuous course oí tor-tious activity on the part of Defendant. More specifically, it is asserted that Defendant failed to repair the defect that caused damage to Plaintiffs’ property and failed to exercise reasonable care to prevent damage to Plaintiffs’ property, which actions and ensuing damages continued until Defendant’s building was demolished. Although the petition does not provide the date of the demolition, it is undisputed that the demolition took place on June 10, 2007. Because the petition adequately pleads continuous tort, the burden rests with Defendant.
 

 The continuing tort doctrine only applies when continuous conduct causes continuing damages.
 
 Bustamento v. Tucker,
 
 607 So.2d 532, 542 (La.1992). Where the cause of injury is a continuous one giving rise to successive damages, 14pi"escription does not begin to run until the conduct causing the damage is abated.
 
 South Central Bell Telephone Co. v. Texaco, Inc.,
 
 418 So.2d 531, 533 (La.1982).
 

 In
 
 Crump v. Sabine River Authority,
 
 p. 7 (La.1999), 737 So.2d 720, 726, the Supreme Court of Louisiana examined the theory of continuing tort as follows:
 

 As previously noted by this Court, the theory of continuing tort has its roots in property damage cases and requires that the operating cause of the injury be a continuous one which results in continuous damages.
 
 Bustamento v. Tucker,
 
 607 So.2d 532, 543 n. 8 (La.1992);
 
 South Central Bell Telephone Co. v. Texaco, Inc.,
 
 418 So.2d 531, 533 (La.1982). Professor Yiannopoulos, in his treatise on Louisiana predial servitudes clarified this requirement as it relates to prescription as follows:
 

 [A] distinction is made between continuous and discontinuous causes of injury and resulting damage. When the
 
 operating cause of the injury
 
 is ‘not a continuous one oí daily occurrence, there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the action is barred upon the lapse of one year from the date in which the plaintiff acquired, or should have acquired, knowledge of the damage .... [This is to be distinguished from the situation where] the
 
 ‘operating cause of the injury
 
 is a continuous one, giving rise to successive damages from day to day....’
 

 A.N. Yiannopoulos,
 
 Predial Servitudes,
 
 § 63 (1983). (emphasis added).
 

 In this latter case discussed by Professor Yiannopoulos, where the operating cause of injury is a continuous one and gives rise to successive damages, prescription dates from the cessation of the wrongful conduct causing the damage.
 
 South Central Bell,
 
 418 So.2d at 533. However, in cases where property has been injured or damaged, and the continuing tort theory is inapplicable, either because the operating cause of the injury is discontinuous or because the damages are
 
 not
 
 successive, prescription runs from the date that knowledge of such damage was apparent or should have been apparent to the injured party. La. Civ.Code Ann. art. 3493 (West 1994);
 
 South Central Bell,
 
 418 So.2d at 532;
 
 Dean v. Hercules, Inc.,
 
 328 So.2d 69, 73 (La.1976).
 

 In
 
 Crump,
 
 the plaintiff owned property through which the McDonald Bayou flowed. In 1971, a canal was dug on adjoining property that resulted in the flow of water being diverted away from the portion of the bayou on which plaintiffs property fronted. The plaintiff argued that the existence of the canal constituted l5the operating cause of daily injury because its presence caused a continuous di
 
 *683
 
 version of the flow of water away from her property.
 

 The Court held that the actual digging of the canal was the single operating cause of the injury.
 
 Id.,
 
 at 727-28. The continuous diversion of water from the bayou was considered by the Court to be the continuing ill effect of the original wrongful act.
 
 Id.
 
 The Court further reasoned that:
 

 [T]he defendant’s duty to remove the canal would stem from its obligation ... to repair the damage caused by its tor-tious conduct. However, the breach of the duty to right a wrong and make the plaintiff whole simply cannot be a continuing wrong which suspends the running of prescription, as that is the purpose of any lawsuit and the obligation of every tortfeasor.
 

 Id.
 
 at 729. Thus, the Court concluded that the continuing tort doctrine could not be applied under the facts of the case to suspend the running of prescription.
 
 Id.
 

 In
 
 Cooper v. Louisiana Department of Public Works,
 
 2003-1074 (La.App. 3 Cir. 3/3/04), 870 So.2d 315, the plaintiffs brought an action against the Department of Transportation and Development, alleging that they had suffered damages resulting from the permanent flooding of portions of their land caused by the construction of locks and dams. The defendant argued that the plaintiffs’ claims had prescribed because they were aware of the flooding for more than twenty years. The plaintiffs asserted that their claims had not prescribed because the flooding constituted a continuing tort.
 

 The appellate court distinguished
 
 Cooper
 
 from
 
 Crump,
 
 explaining that the continuing tort theory did not apply in
 
 Crump
 
 “because the complained of actions by the defendant were simply the continued ill effects that arose from a single tortious act, the digging of the canal.”
 
 Id.,
 
 at 323. In
 
 Cooper,
 
 however, the complained of action was “the constant interference with their servitudes of | (¡drainage, causing the permanent flooding of [plaintiffs] lands.”
 
 Id.
 
 Thus, the court ruled that prescription would not run until the flooding of the plaintiffs’ lands was abated, noting that the case was analogous to
 
 Estate of Patout v. City of New Iberia,
 
 97-1097 (La.App. 3 Cir. 3/6/98), 708 So.2d 526.
 

 In
 
 Estate of Patout,
 
 the City of New Iberia operated a landfill on property adjacent to the plaintiffs’ land from the early 1970s through October of 1989. During those years, the City pushed garbage onto the plaintiffs’ property. The plaintiffs sued the City for trespass on their immovable property over that period of time. The appellate court held that the continued presence of the garbage on plaintiffs’ property constituted a continuing trespass and that prescription would not begin to run until the garbage was removed.
 
 Id.,
 
 at 531. The Court relied on
 
 South Central Bell,
 
 in which the tortious conduct was the continuous leaking of gasoline from damaged storage tanks into a manhole containing plaintiffs telephone cables. Thus, prescription did not begin to run until the offending tanks were replaced, thereby stopping the leaks.
 

 In the
 
 Estate of Patout
 
 case, the Supreme Court remanded the case to the Third Circuit for a determination of the date on which prescription began to run in light of the
 
 Crump
 
 decision. The appellate court concluded that
 
 Crump
 
 was distinguishable from
 
 Estate of Patout,
 
 and restated its previous ruling that “the City’s trespass on the plaintiffs’ immovable property continues by virtue of its failure to remove the deposited garbage,” holding that prescription would not begin to run until the garbage was removed from the plaintiffs’ property.
 
 Estate of Patout v.
 
 
 *684
 

 City of New Iberia,
 
 2001-0151, p.
 
 6
 
 (La.App. 3 Cir. 4/3/02), 813 So.2d 1248, 1252.
 

 17Citing
 
 Crump,
 
 defendant in the present case argues that the continuing tort doctrine does not apply here because the petition fails to allege a series of unlawful acts on the part of defendant, and is solely based on the continuing ill effects caused by Hurricane Katrina. Finding
 
 Crump
 
 distinguishable from this case, we disagree.
 

 This case does not present a situation, as in
 
 Crump,
 
 where the continuing tort doctrine is inapplicable because the complained of actions by Defendant were simply the continued ill effects that arose from a single tortious act. It is undisputed that Defendant’s building was leaning over Plaintiffs’ property line in early January of 2006. Moreover, Defendant’s building remained in physical contact with Plaintiffs’ house from June of 2006 until June of 2007. In such a case, which is more analogous to
 
 Estate of Patout
 
 and
 
 Cooper,
 
 the wrong continues as long as the offending object remains.
 
 (See also Dore v. Jefferson Guar. Bank,
 
 543 So.2d 560 (La.App. 4 Cir.1989), where this Court held that debris left on plaintiffs property was a continuing trespass until removed from the premises.)
 

 Defendant further contends that it used reasonable efforts to repair its hurricane damaged building and did not engage in any act that caused the building to collapse onto plaintiffs’ property. We find no merit in this argument. The record before us, which includes an affidavit from Pastor Christine Ford, reflects that the only action taken by Defendant was to apply to the City of New Orleans for demolition. Although Defendant periodically corresponded with the City to investigate the progress of the demolition process, there is no evidence that Defendant took any remedial measures, or made any effort to stabilize or secure the building after discovering the initial damage in January of 2006. Nor is there |¡¡any evidence that Defendant made any attempts to remove the structure after it made contact with Plaintiffs’ house in June of 2006.
 

 In
 
 Risin v. DNC Investments, L.L.C.,
 
 2005-0415 (La.App. 4 Cir. 12/7/05), 921 So.2d 133, this Court determined that the defendant/landlord’s fault, in failing to abate the lead exposure of the plaintiff/tenant, continued until the plaintiffs exposure to lead paint ended when the plaintiff moved out. We noted that the tortious conduct was continuous, despite the fact that the conduct complained of was not action, but the failure to act (to correct the problem) by one who has a duty to do so.
 
 Id.,
 
 at p. 8, 921 So.2d at 138.
 

 In the instant case, the injury to Plaintiffs’ property continued by virtue of Defendant’s failure to repair its building and/or remove it from Plaintiffs’ property. Thus, we conclude that prescription did not begin to run until Defendant’s building was demolished on June 10, 2007.
 

 DECREE
 

 For the foregoing reasons, we find that the trial court erred by dismissing the case on the basis of prescription. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.