| CANAL STREET LAND COMPANY, LLC | * | NO. 2022-CA-0445 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| MAPP CONSTRUCTION, LLC, MPT OF NEW ORLEANS | * | FOURTH CIRCUIT |
| FCER, LLC AND OCHSNER CLINIC, APC | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-09619, DIVISION "B-5"
Honorable Rachael Johnson,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

Scott R. Bickford
Lawrence J. Centola, III
Jason Z. Landry
MARTZELL & BICKFORD, APC
338 Lafayette Street
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLANT


Andre' Collins Gaudin
E. Alexis Bevis
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001


Jeffrey Scott Loeb
Michael W. Margiotta, Jr.
LOEB LAW FIRM II
1180 W. Causeway Approach
Mandeville, LA 70471

John W. Martinez
MARICLE & ASSOCIATES
#1 Sanctuary Boulevard, Suite 202
Mandeville, LA 70471

COUNSEL FOR DEFENDANTS/APPELLEES

**JUDGMENT VACATED AND REMANDED**
**DECEMBER 14, 2022**

*TFL*

*JCL*

*TGC*

This appeal involves a dispute between a property owner and contractors regarding alleged damages the property owner incurred as a result of construction work performed by the contractors. Plaintiff, Canal Street Land Company, LLC ("Canal Street"), appeals the trial court's judgment granting an exception of prescription filed on behalf of Defendants, Osborne Contractors ("Osborne"), MAPP Construction, LLC ("MAPP"), SUDDY's Excavating Services, LLC (SUDDY's), and The Travelers Indemnity Company ("Travelers"), SUDDY's general liability insurer.

We find that fact issues regarding the date that prescription began are irretrievably intertwined with evidence to prove the merits of Canal Street's claim such that Defendants' exception of prescription should be referred to the trial on the merits. Accordingly, we vacate the judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

1

## FACTUAL AND PROCEDURAL HISTORY

Canal Street owns a building located at 4130 Canal Street ("the Property'). Defendants, Osborne, MAPP, and SUDDY's were retained to build an Ochsner Emergency Room ("the Project") adjacent to the Property. MAPP was hired as the general contractor; Osborne was subcontracted to perform pile driving; and SUDDY's was subcontracted to perform demolition, excavation, and fill work at the site. The construction work on the Project began in April 2016, and the Project was completed in November 2016.

Canal Street filed its Petition for Damages (the "Petition") on October 5, 2017, alleging in part, the following:

14.

Over the course of approximately seven months, from May 2016 through November 2016, pile driving operations and other heavy construction took place, shaking and vibrating Plaintiff's building to such an extent that structural and foundational damage was caused. As a result of the pile driving operations and heavy vehicle use associated with the construction project over the course of seven months, Plaintiff's building sustained structural and foundational damage, including, but not limited to, damage to pilings, plumbing damage, separation of plumbing and sewerage lines, subsoil/foundational shifting, sinking and cracking in the bricks, concrete, siding, stucco, sheetrock, interior walls, exterior walls, sidewalk, driveways, foundation and structure. Defendants have/had garde and construction over this equipment.

Defendants separately filed an exception of prescription to Canal Street's Petition. Defendants urged that Canal Street, through its sole member, Ryan Scafidel, had constructive knowledge of facts which would indicate to a reasonable person that Canal Street was a victim of a tort as early as February 1, 2016, and from May through July 2016. Hence, Canal Street's Petition was prescribed because suit was not filed until October 5, 2017.

2

Canal Street countered that Mr. Scafidel did not discover damages to the Property until late fall 2016 and January 2017; that there was continued shaking of its building from construction activities through November 2016; and that Canal Street's expert testified that damages to the Property were caused by all the construction activities, including the activities that happened in November 2016. Accordingly, Canal Street maintained that its Petition, filed on October 5, 2017, was timely.

Subsequent to the hearing on the merits, the trial court sustained Defendants' exception of prescription and dismissed all claims against Defendants with prejudice. The trial court reasoned that "there should have been a reasonable inquiry and that there should've been some inspection . . ."

Canal Street filed a motion for new trial, which was denied by the trial court. This appeal followed.

## DISCUSSION

### *Exception of Prescription*

Pursuant to La. C.C. art. 3492, the prescriptive period for delictual actions is one year, which commences to run from the date the injury or damage is incurred. *See Lopez v. House of Faith Non-Denomination Ministries*, 2009-1147, p. 3 (La. App. 4 Cir. 1/13/10), 29 So.3d 680, 681. Established jurisprudence provides that damage is considered to have been sustained when it has manifested itself with enough certainty to support a cause of action. *Cole v. Celotex*, 620 So.2d 1154, 1156 (La. 1993). Actual knowledge of facts that would entitle a party to bring suit is not necessary to begin the running of prescription; prescription will commence as long as there is constructive knowledge sufficient to excite attention and put the

injured party on guard and call for inquiry. *Campo v. Correa*, 2001-2707, p. 12 (La. 6/12/02), 828 So.2d 502, 510-11.

The party pleading prescription has the burden of proof to show plaintiff's action has prescribed; however, the burden of proof shifts to the plaintiff when a claim has prescribed on the face of the petition. *Lopez*, 2009-1147, p. 3, 29 So.3d at 682. In general, Louisiana jurisprudence strictly construes prescriptive statutes against finding that the case has prescribed in favor of maintaining the action. *Risin v. D.N.C. Investments, L.L.C.*, p. 3 (La. App. 4 Cir. 12/7/05), 921 So.3d 133, 135. Therefore, when two possible constructions exist, courts should adopt the construction which maintains, rather than bars, the action. *Id.*, 2005-0415, p. 3, 921 So.2d at 136.

On appellate review of an exception of prescription, a trial court's findings of fact are subject to the manifest error/clearly wrong standard of review; however, the *de novo* standard of review applies to a trial court's legal conclusions. *See Crosby v. Sahuque Realty Company*, 2017-0424, p. 6 (La. App. 4 Cir. 12/28/17), 234 So.3d 1190, 1196.

### *Assignments of Error*

Canal Street contends that the trial court erroneously granted Defendants' exception of prescription in that (1) its October 5, 2017 Petition was filed within one year of the time that it acquired knowledge of its damages; and (2) the Petition was filed within a year of the November 2016 date that work near the Property ceased. Canal Street adds that its expert testified that the complained of damages sometimes do not immediately manifest; that the damages might have continued to manifest after the work ended; and that it was not known as to whether or not the damages developed between November 2016 and January 2017.

Contrariwise, Defendants maintain that Canal Street, through Mr. Scafidel, had constructive knowledge to indicate to a reasonable person that it was the victim of a tort as early as May 2016. In support of this position, Defendants note that a Project Engineer e-mailed Mr. Scafidel on February 1, 2016, to request a preconstruction video of the Property. The purpose of the request was to document the Property in the event any damages occurred as a result of the nearby construction activities. Defendants also cite Mr. Scafidel's deposition testimony, wherein he noticed shaking and vibration of the Property principally from May through July 2016, as evidence that Canal Street knew it was the victim of a tort between May and July 2016, and nevertheless, failed to file suit until October 5, 2017. Mr. Scafidel's deposition testimony included the following:

Q. Okay. Do you recall the shaking of your building?

A. Yes.

Q. And when did that happen?

A. May through July. Truthfully, the shaking happened almost the entire time, but principally May through July, there was continued shaking and vibration going all the way up until November.

Additionally, Defendants reference a video taken by one of Canal Street's tenants depicting shaking and vibrations, which Mr. Scafidel reviewed no later than August 11, 2016. Defendants contend that all of these occurrences constitute proof that Canal Street filed its Petition more than a year after it had obtained constructive knowledge of damages caused by Defendants. Defendants also claim that their experts testified that there is typically no lag time between vibration and the manifestation of damage; that any damage that manifested after the Project was completed was not related to the construction activities; and that damage to structures caused by vibrations immediately manifest.

5

*Law/Analysis*

The fundamental dispute between the parties regarding the timeliness of Canal Street's Petition hinges on resolving the question of manifestation of damages, i.e., when did the damages manifest and whether there was a delay between the manifestation of the damages and the cessation of Defendants' alleged tortious conduct. We find that the answer to these manifestation issues not only goes to whether or not Canal Street timely filed suit, but also to its ability to prove the merits of its claim.

One of the fundamental elements of a general negligence action is whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries. *See Crosby v. Sahuque Realty Company, Inc.*, 2017-0424, p. 10 (La. App. 4 Cir. 12/28/17), 234 So.3d 1190, 1197-98. Here, Defendants allege that, if indeed, any damages occurred that resulted from Defendants' construction activities, the damages would have immediately manifested. As such, Canal Street's Petition was not timely filed within a year of the date that any substantial work on the Project completed by Defendants could have caused Canal Street's damages; and consequently, any damages that Canal Street contends manifested in November 2016 were not caused by Defendants.[1] On the other hand, Canal Street reiterates that its Petition is timely because Defendants' action that caused the damages continued through November 2016, and additionally, its expert indicates that the damages could have continued to manifest even after the Project's completion.

---

[1] Specifically, SUDDY maintains that August 1, 2016 was its last day of any substantive activity and September 19, 2016, was the last day of its physical presence on the Project. Osborne claims it performed pile driving activities from April 29, 2016 through May 5, 2016. MAPP does not dispute that it remained on the Project until November 2016.

6

Established Louisiana jurisprudence recognizes that when a question of prescription is so intertwined with the merits of a plaintiff's claim, the exception should be referred to the merits. *See Short v. Griffin*, 95-0689, pp. 2-3 (La. 6/16/95), 656 So.2d 635, 636; *Lodriques v. Duhe*, 08-0916 (La. 6/27/08), 983 So.2d 1287, 1288. In the case *sub judice*, the evidence required to resolve the issue of prescription is substantially interrelated with the evidence required to prove the merits of Canal Street's general negligence claim. Accordingly, we find that the trial court should not have granted Defendants' exception of prescription, but rather, the exception should have been referred to the merits.

## DECREE

Based on the foregoing, we vacate the judgment, and the case is remanded to the trial court for further proceedings consistent with this opinion.

**JUDGMENT VACATED AND REMANDED**