| WILLIAM D. DAVAS | * | NO. 2023-CA-0090 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| LYNDON SAIA | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-02265, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

**BELSOME, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS**
**JOHNSON, J., CONCURS IN THE RESULT**

Salvador I. Bivalacqua
Will C. Griffin
GRIFFIN & BIVALACQUA LLC
650 Poydras Street
Suite 2615
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLEE


Matthew A. Woolf
Anne Derbes Wittmann
Kennard B. Davis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

     COUNSEL FOR DEFENDANT/APPELLANT


**PEREMPTORY EXCEPTION OF PRESCRIPTION DENIED; REVERSED
AND REMANDED WITH INSTRUCTIONS
OCTOBER 6, 2023**

SCJ

Lyndon Saia appeals the trial court's November 15, 2022 judgment granting a permanent injunction in favor of William Davas, and ordering Mr. Saia to remove all bamboo planted along the property line within thirty days of the judgment. For the reasons assigned, we reverse and remand this matter to the trial court with instructions to follow the limits of La. C.C. art. 688 and for the determination of reasonable costs for the yearly removal of bamboo debris from Mr. Davas's property.

## FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from a dispute between neighbors concerning the presence of bamboo trees planted along their property line. On March 6, 2020, Mr. Davas filed a petition for damages and permanent injunction, alleging that Mr. Saia's bamboo trees drop dead foliage and debris into his yard, which causes significant expenditure of resources to collect, clean and dispose of. Mr. Davas requested a permanent injunction preventing the bamboo from trespassing onto his property and for damages.

1

A trial on the merits was conducted in two days. On November 15, 2022, the court singed a judgment granting the permanent injunction in favor of Mr. Davas, ordering Mr. Saia to remove all bamboo planted along the property line within thirty days of the judgment. The judgment included a handwritten order specifying that any bamboo intrusions onto the plaintiff's property shall be cleaned by defendant who shall bear all attendant costs until the property is sold and that the judgment is to solely benefit the particular plaintiff. On November 28, 2020, the court memorialized its handwritten order in a second judgment.

On December 20, 2022, Mr. Saia filed a motion for suspensive appeal and a request for stay. This appeal follows.

## DISCUSSION

Mr. Saia argues that the trial court erred in granting a permanent injunction in favor of Mr. Davas when there was no trespass and Mr. Davas failed to mitigate his damages by allowing Mr. Saia onto the property to maintain the bamboo. Mr. Saia further argues that the trial court erred in failing to limit Mr. Davas's remedy in accordance with La. C.C. art. 668 and in relying on Mr. Davas's expert.[1]

**Peremptory Exception of Prescription**

First, we address Mr. Saia's peremptory exception of prescription filed with this Court. La. C.C. P. art 2163 provides in pertinent part that an "appellate court

---

[1] Mr. Saia lists four assignments of error: 1) the district court erred in failing to conform and limit plaintiff's remedy in accordance with La. C.C. art. 668; 2) to the extent the district court rendered its judgment because it could not require plaintiff to allow access to his property for the purpose of maintaining the bamboo, it did so in error because such refusal constituted failure of plaintiff to mitigate his damages; 3) the district court erred in granting plaintiff a permanent injunction where no trespass exists; and 4) to the extent the district court relied upon the testimony of plaintiff's expert, such reliance was in error.

may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record."

Mr. Saia contends that for the first time, Mr. Davas argued in his original appellee's brief, that the presence of bamboo constitutes the intentional act required to establish a trespass, and that the presence of the bamboo constitutes a continuous trespass. Mr. Saia argues that the bamboo was planted in June of 2015 and Mr. Davas became aware of the problem a few months later. Mr. Saia further argues that Mr. Davas's claim is subject to the one-year liberative prescription of La. C.C. arts. 3492 and 3494.

Generally, the party asserting a peremptory exception of prescription bears the burden of proof. However, when the plaintiff's claim is prescribed on the face of the petition, the burden shifts to the plaintiff to establish that his or her claim has not prescribed. *Wright v. Touro Infirmary*, 2021-0324, p. 4 (La. App. 4 Cir. 7/7/21), 324 So.3d 699, 702 (citing *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2017-0413, pp. 8-9 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800).

A review of Mr. Davas's petition reveals allegations of continuous tortious activity. Specifically, Mr. Davas alleges that the bamboo consistently drops a significant amount of dead foliage into his yard. He further alleges that the Mr. Saia does not keep the bamboo in any manicured or managed condition and the bamboo continue to grow unfettered. We note that Mr. Davas's petition does not

3

provide a date of when the bamboo was planted. However, the petition adequately pleads a continuous tort, thus, Mr. Saia bears the burden of proof.

In *Lopez v. House of Faith Non-Denomination Ministries* this Court addressed the continuing tort doctrine. 2009-1147 (La. App. 4 Cir. 1/13/10), 29 So.3d 680. In *Lopez*, the plaintiffs alleged that the defendant's building fell onto their house in summer or fall of 2006, and the building remained in contact with the plaintiffs' house until June 10, 2007. The Court provided that the continuing tort doctrine solely applies "when continuous conduct causes continuing damages." *Id.* at p. 4, 29 So.3d at 682. The Court noted

> When the operating cause of the injury is 'not a continuous one of daily occurrence', there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the action is barred upon the lapse of one year from the date in which the plaintiff acquired, or should have acquired, knowledge of the damage.

*Id.* (quoting *Crump v. Sabine River Authority*, p. 7 (La. 1999), 737 So.2d 720, 726). The Court provided that the continuing tort doctrine was applicable, unlike in *Crump*, where the complained of actions by defendant were simply the continued ill effects that arose from a single tortious act. The Court explained that the defendant's building remained in physical contact with the plaintiffs' house from June of 2006 to June of 2007. *Id.* at p. 7, 29 So.3d at 684. The Court held that the "injury to [p]laintiffs' property continued by virtue of [d]efendant's failure to repair its building and/or remove it from [p]laintiffs' property." The Court found that prescription did not begin to run until the defendant's building was demolished on June 10, 2007. *Id.* at p. 8, 29 So.3d at 684.

4

Here, similar to *Lopez*, the record provides that there was a continuation of injury through bamboo debris, leaves, remnants of stalks and sprouting onto Mr. Davas's property. Further, "[a]ctions for injunctive relief under the substantive provisions of the Louisiana Civil Code are not barred by liberative prescription. A person does not lose his right to the comfortable enjoyment of an immovable or of a real right in it merely because he did not bring an action for an injunction within a certain period of time. As long as the right exists, it may be protected by injunction." A.N. Yiannopoulos, *4 La. Civ. L. Treatise, Predial Servitudes* § 9:16 (4th ed.)

Thus, we find an absence of evidence to establish the grounds for the exception of prescription. Mr. Saia's peremptory exception of prescription is denied.

**Permanent Injunction**

Mr. Saia contends that the trial court erred in issuing a permanent injunction in favor of Mr. Davas because there was no trespass occurring from the bamboo. Mr. Saia argues that Mr. Davas failed to show irreparable harm.

An appellate court's review of the issuance of permanent injunctions is under the manifest error standard. *New Jax Condominiums Ass'n, Inc. v. Vanderbilt New Orleans, LLC*, 2016-0643, p. 13 (La. App. 4 Cir. 4/26/17), 219 So.3d 471, 481 (citing *Yokum v. 544 Funky, LLC*, 2015-1353, p. 16 (La. App. 4 Cir. 9/28/16), 202 So.3d 1065, 1075). A permanent injunction is issued after a trial on the merits and the burden of proof is a preponderance of the evidence. *Elysian Fields Church of Christ v. Dillon*, 2008-0989, p. 8 (La. App. 4 Cir. 3/18/09), 7 So.3d 1227, 1232 (citing *Bollinger Machine Shop and Shipyard, Inc. v. United States Marine, Inc.*, 595 So.2d 756, 758 (La. App. 4th Cir.1992)).

5

The purpose of an injunction is to prevent "irreparable injury, loss, or damage" that would otherwise result. La. C.C.P. art. 3601(A). "A permanent injunction is an extraordinary remedy appropriately ordered only to prevent damage that is likely to occur in the future rather than to punish for past damage." *Fondel v. Fondel*, 2020-221, p. 9 (La. App. 3 Cir. 3/10/21), 312 So.3d 1180, 1186 (citing *Freyou v. Iberia Par. Sch. Bd.*, 94-1371, p.5 (La. App. 3 Cir. 5/3/95), 657 So.2d 161, 164).

La. C.C.P. art. 3663 provides in pertinent part:

Injunctive relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property or of a real right therein, is available to:

(1) A plaintiff in a possessory action, during the pendency thereof; and

(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment.

La. C.C. art. 687 provides that "[t]rees, bushes, and plants on the boundary are presumed to be common unless there be proof to the contrary. An adjoining owner has the right to demand the removal of trees, bushes, or plants on the boundary that interfere with the enjoyment of his estate, but he must bear the expense of removal."

La. C.C. art. 688 provides "[a] landowner has the right to demand that the branches or roots of a neighbor's trees, bushes, or plants, that extend over or into his property be trimmed at the expense of the neighbor. A landowner does not have this right if the roots or branches do not interfere with the enjoyment of his property."

6

In *Scott v. Ramos*, 399 So.2d 1266, 1267 (La. App. 4th Cir. 1981) this Court determined whether the district court erred in granting a permanent injunction, and in ordering the defendant to keep the limbs and branches of his oak tree cut to the property line and yearly reimburse the plaintiff the cost of removing fallen tree debris. The parties owned adjacent properties, in which the defendant's oak tree extended over the plaintiff's roof and property. The plaintiff testified and introduced evidence that there were tree deposits, leaves and branches on his roof that required him to hire roofers on several occasions to clean out the gutters, sweep debris off the roof and repair broken shingles. *Id*.

A tree expert testified that the tree would be less vigorous in its attack of decay and fungi, and that the decay would be accelerated because of rot in the large branch stubs. The tree expert further testified that the condition of the tree would cause a hazardous situation due to it becoming more susceptible to uprooting in severe winds or hurricanes. *Id*. at 1268.

Further, a tree surgery expert testified that the tree leaves would fall primarily on the plaintiff's house in the late fall and early winter, in which plaintiff's property would get approximately thirty percent of the falling leaves. The tree expert testified that the tree would be susceptible to sun scald if it were to be cut back to the property line, which could cause large injuries or death that would result in danger to both parties' properties. *Id.*

The Court held that it was reasonable to infer that La. C.C. art. 688 gave "the right to injunctive relief to prevent roots or branches from interfering with a neighbor's enjoyment of his property as an alternative to actually ordering the branches or roots to be trimmed and certainly the choice of this alternate resolution is within the discretion of the trial court judge." *Id.* The Court determined that "a

landowner has only a qualified right to demand from a neighbor trimming of branches from the neighbor's trees extending over the landowner's property at the neighbor's expense and that right is limited to the extent that the branches interfere with the landowner's enjoyment of his property." *Id.* at 1267.

At the trial, Mr. Davas testified that the bamboo was planted by Mr. Saia around 2013 or 2014. He testified that the bamboo runs parallel to the fence line on Mr. Saia's property from approximately the front of his home to the rear porch. Mr. Davas further testified that the bamboo shoots grew between the fence and into his flower bed, created a nuisance, caused excess yard work, affected the natural sunlight, and made it unfeasible for him to install a swimming pool. Mr. Davas provided that the bamboo exceeded the height of his two-story home, which caused leaves and debris to fill his gutters.

The trial court accepted Matthew Tubre as an expert in the field of horticulture, arboriculture, and landscaping. Mr. Tubre testified that bamboo survives by the offshoots from the roots growing laterally, which is invasive. Mr. Tubre testified that bamboo should be planted approximately five feet from a property line. He further provided that bamboo may grow between forty to fifty feet tall. Mr. Tubre testified that he observed the negative effects the leaf debris has on Mr. Davas's property, which includes mulch of the garden that would smother the existing plants beneath it.

Mr. Tubre provided that over time there will be root problems with the bamboo and it would damage the fence. He further provided that the root could be trimmed, however, it would be continuous task. Mr. Tubre testified that the more practical resolution would be removal of the bamboo.

The trial court accepted Mark Sanders as an expert in the field of identification, planting, and maintenance of bamboo. Mr. Sanders testified that it appeared that the bamboo was planted less than two feet from the fence and he observed the bamboo leaning over the property from the fence. He further provided that the bamboo is growing onto Mr. Davas's property and that maintenance for the bamboo requires access to Mr. Davas's property.

Mr. Sanders testified that the maintenance from trimming bamboo is effective. He provided that when a shoot is cut at the bottom, no new growth will emerge from that trunk. Mr. Sanders further testified that a thirty inch bamboo rhizome barrier is considered the industry standard for the containment and the control of bamboo rhizomes.[2] Mr. Sanders testified that there are numerous companion plants to bamboo that thrive and benefit from the mulch that the leaf debris creates. Mr. Sanders disagreed that removal of the bamboo would be the best solution, as pruning would mitigate unwanted growth, leaning, and leaf debris.

Similar to *Scott*, it is undisputed that Mr. Saia's bamboo extended to and interfered with Mr. Davas's enjoyment of his property. Based on the record, there is no question that the bamboo is not common, thus Mr. Davas does not have the right to demand the removal of the bamboo. *See* La. C.C. art. 687.

Both experts in this matter testified that the bamboo roots could be trimmed as maintenance. Further, La. C.C. art. 688 limits the right of a landowner to demand that the branches or roots of a neighbor's tree that extend over or into his property be trimmed at the expense of the neighbor. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law

---

[2] Mr. Sanders testified that "rhizome" is used interchangeably with "roots."

9

shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9.

As in *Scott*, we find that injunctive relief under La. C.C.P. art. 3601 is applicable as injury, loss, or damage may otherwise result. However, injunctive relief under La. C.C.P. art. 3663 is inapplicable as Mr. Davas has not been disturbed in the possession of his property or of a real right therein. The Supreme Court has recognized that "a real right can be understood as ownership and its dismemberments." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 2010-2267, p. 11 (La. 10/25/11), 79 So.3d 246, 258.

In light of the applicability of La. C.C.P. art 3601, we find that the trial court abused its discretion in ordering Mr. Saia to remove the bamboo, as it went beyond the limits of La. C.C. art 688. Therefore, we reverse the November 15, 2022 judgment and remand this matter to the trial court with instructions to follow the limits of La. C.C. art. 688 and for the determination of reasonable costs for the yearly removal of bamboo debris from Mr. Davas's property.

**Testimony of Mr. Tubre**

Next, Mr. Saia contends that it is unclear why the trial court ordered the removal of the bamboo on his property. Mr. Saia further argues that if the trial court relied on the expert testimony of Mr. Tubre, its reliance of such testimony was unreasonable. We disagree. "A the trial court has great discretion to accept or reject expert testimony." *Yokum v. 544 Funky, LLC*, 2015-1353, p. 8 (La. App. 4 Cir. 9/28/16), 202 So.3d 1065, 1071). Further, in its reasons for judgment, the trial court relied on both experts' testimonies and did not specify whether it relied more on Mr. Sanders's testimony. Therefore, we find that this assignment of error lacks merit.

## CONCLUSION

For these reasons assigned, we reverse the trial court's judgment and remand this matter to the trial court with instructions to follow the limits of La. C.C. art. 688 and for the determination of reasonable costs for the yearly removal of bamboo debris from Mr. Davas's property.

**PEREMPTORY EXCEPTION OF PRESCRIPTION DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS**