656 So.2d 635 (1995)
Joan SHORT et al.
v.
Clifford GRIFFIN et al.
No. 95-CC-0680.
Supreme Court of Louisiana.
June 16, 1995.
Rehearing Denied July 17, 1995.
PER CURIAM[*].
The application is granted.
In this action alleging accounting malpractice, breach of fiduciary duty, and violation of the Blue Sky laws, all defendants filed exceptions of prescription, and some of the defendants filed answers before trial of the exceptions.
At the trial of the exceptions, the trial judge referred the exceptions to the merits, noting that the evidence to be presented at the anticipated three-day trial of the exceptions would have to be repeated at the trial on the merits. The judge thus exercised his discretion in favor of judicial efficiency.
On supervisory writs, the court of appeal affirmed the judgment on the basis that the trial court had discretion to refer the exceptions to the merits because the defendants had filed answers and had waived their right to demand trial of the exceptions "in advance of the trial of the case," as required by La.Code Civ.Proc. art. 929.[1] The court of appeal then determined that the defendants applying for supervisory writs had never filed answers and granted rehearing. The court ruled on rehearing that the literal *636 terms of Article 929 divest the trial court of discretion to refer exceptions to the merits when the exceptions are filed prior to answer.
The language of Article 929A, applied literally, indicates that exceptions pleaded before the filing of an answer must be tried and decided prior to trial. However, La.Code Civ.Proc. art. 1001, pertinent to the delay for answering, provides a special period for filing an answer after "an exception is filed prior to answer and is overruled or referred to the merits...."
We interpret Articles 929 and 1001 together to mean that a peremptory exception pleaded before answer must be scheduled for trial in advance of the trial on the merits, but that the judge's options in deciding the trial of the exception include referring the exception to the merits in appropriate cases. The principal purpose of Article 929, with respect to peremptory exceptions, is to prevent a defendant from employing dilatory tactics by filing a peremptory exception after answer and demanding trial of the exception in order to delay the trial on the merits. See La.Code Civ.Proc. art. 929, Official Revision Comment (b). See also Montgomery v. Breaux, 297 So.2d 185, 188 (La. 1974); Short v. Jones, 457 So.2d 201, 203-204 (La.App.2d Cir.), cert. denied, 460 So.2d 606 (La.1984). The purpose was not to divest the trial court of the long-recognized discretion to refer peremptory exceptions to the merits.
In this case, the trial court found that "the evidence on prescription is so intertwined with the evidence of the merits" that it would be a waste of judicial economy to try the two matters in separate proceedings. We cannot say that the trial court has abused its discretion.
Therefore, the judgment of the court of appeal is set aside, and the judgment of the trial court referring the exceptions to the merits is reinstated. The case is remanded to the trial court for further proceedings.
MARCUS, J., not on panel.
NOTES
[*] Marcus, J., not on panel. Rule IV, Part 2, § 3. See footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] La.Code Civ. Proc. art. 929 provides:

A. The declinatory exception, the dilatory exception, and the peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case.
B. If the peremptory exception has been pleaded in the answer, or subsequently, but at or prior to the trial of the case, it shall be tried and disposed of either in advance of or on the trial of the case. If the peremptory exception has been pleaded after the trial of the case, the court may rule thereon at any time unless the party against whom it has been pleaded desires and is entitled to introduce evidence thereon. In the latter event, the peremptory exception shall be tried specially.