WALTZER, Judge.

STATEMENT OF THE CASE

Relators, Tulane University Medical Center, Michael Kiernan, M.D., Ralph Corsetti, M.D., and Rodney Steiner, M.D., seek review of the trial court’s judgment deferring to trial a ruling on their exception of prescription.
Respondents filed the present medical malpractice claim with the Louisiana Patients’ Compensation Fund on 20 October 1995, asserting survival and wrongful death actions against the relators and alleging that relators committed medical malpractice in the placement of a central line in their infant, Desta-ny. The child was admitted to Tulane University Medical Center on 20 April 1994. On 6 May 1994, relators inserted a left femoral central line to provide intravenous access. On 15 May 1994, it was discovered that the central line had eroded through the wall of a blood vessel causing fluids to infuse in .an area around the child’s spinal cord. .This infusion caused a chemical spinal shock and rendered the child a quadriplegic. On 10 August 1994, the child was discharged from Tulane Medical Center and transferred to Southdown Care Center in Houma, Louisiana. On 23 September 1994, the child was admitted to Children’s Hospital for cardiopulmonary problems. The child died at Ter-rebonne General Hospital on 18 October 1994.
Relators filed an exception of prescription arguing that the claims were filed more than seventeen months after treatment at Tulane and over a year after the child’s death and, therefore, were prescribed pursuant to La. R.S. 9:5628. Respondents counter that they did not discover Tulane’s malpractice until their attorney had reviewed the child’s medical records from Children’s Hospital. The trial court conducted a hearing on the exception and referred it to the trial on the merits, finding that “the evidence on prescription is so intertwined with evidence of merits.”
| ^¿ANALYSIS
Relators argue that the trial court erred when it deferred ruling on the exception of prescription because the case is still with the medical review panel, and there is no pending trial on the merits to which the exception can be deferred. Relators further suggest that this Court should vacate the trial court’s judgment and rule on the merits of this exception.
La.C.C.P. article 929 provides that an exception of prescription may be considered prior to trial when the exception has been filed prior to answering the suit. The trial court relied on Short v. Griffin, 95-0680 (La.6/16/95), 656 So.2d 635, in choosing to refer, the exception, to .trial on the merits. In its per curiam opinion in Short, the Louisiana Supreme Court recognized that the language of La. C.C.P. article 929 neither precludes a trial court from referring a peremptory exception to trial on the merits nor divests the trial court of the long-recognized discretion to refer peremptory exceptions to the merits. Short, at pp. 2-3, 656 So.2d at 636.
The Supreme Court found no abuse of the trial court’s discretion in the latter’s conclusion that the facts of the prescription claim were so intertwined with the underlying accounting malpractice, breach of fiduciary duty and Blue Sky violations claims that separate trial of the exception and the merits would be a waste of judicial resources. However, in the instant case the claim is pending before the medical review panel and there is no pending trial on the merits. The procedure provided by the Medical Malpractice Act distinguishes this case from Short and makes the judicial economy argument on which the trial court relied herein inapplicable.
Relators filed their exception of prescription pursuant to La. R.S. 40:1299.47(B)(2)(a),(b) which provides that “[a] health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without the need for completion of the review process by the medical review panel.... If the court finds that the claim has prescribed or otherwise was preempted prior to being filed, the panel, if established, shall be dissolved.” The statute appears to suggest that a ruling on an excep *796 tion of prescription should occur prior to the completion of the medical review panel since the exception, if meritorious, would dissolve the medical review panel. The trial court erred in referring the exception to the merits.
The ruling on the prescription issue turns on the credibility of the parties as to when the respondents knew or should have known that the child’s quadriplegia was caused by the relators’ malpractice. See La.R.S. 9:5628; Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319, 1321-22 (La.1979). Therefore, the merits of the exception should first be determined by the trial court.

CONCLUSION AND DECREE

We grant relators’ writ application, vacate the trial court’s ruling and remand the case to the trial court for a determination of the merits of the relators’ exception of prescription.

WRIT GRANTED, TRIAL COURT RULING VACATED, CASE REMANDED.