VELOCITY AGENCY, LLC D/B/A VELOCITY

DIGITAL ADVERTISING

VERSUS

MARY BETH ST. JOHN A.K.A. JANE DOE

NO. 21-C-658

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

December 02, 2021

Susan Buchholz
First Deputy Clerk

**IN RE** HAROLD AND HELEN BARTHOLOMEW, JR.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 804-003

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Hans J. Liljeberg

## WRIT GRANTED, CASE REMANDED FOR RULING ON EXCEPTION OF PRESCRIPTION

Defendants-relators, Harold and Helen Bartholomew, seek review of the trial court's ruling to defer to the merits a decision on their exception of prescription. Relators contend that plaintiff's claims are prescribed on their face, that plaintiff failed to prove the doctrine of *contra non valentem* applies, and that the trial court should have decided the exception of prescription before trial rather than deferring the issue to trial on the merits. For the reasons that follow, we grant relators' writ application, vacate the trial court's ruling, and remand to the trial court for a determination on the merits of the exception of prescription.

*Facts and Procedural History*

Plaintiff-respondent, Velocity Agency, LLC, is an advertising company that filed this defamation suit after receiving a negative online review on December 7, 2019, from "Mary Beth St. John." Velocity alleges that the negative online review was politically motivated, damaged the reputation of the business through lowering its Google business rating, and was posted by someone who was not their customer, resulting in substantial lost revenue.[1]

---

[1] According to the Bartholomews' writ application: "At the time the offending comments were posted, Harold Bartholomew was involved in a political campaign for judgeship in St. Tammany Parish and plaintiff, Velocity Agency, was engaged by his opponent. Velocity had taken several

Velocity filed suit on February 7, 2020 against the fictitious reviewer, "Mary Beth St. John a.k.a. Jane Doe," and then set about to discern the real identity of Mary Beth St. John. The parties do not appear to dispute the timeline below, which identifies certain steps taken in the litigation.

- **December 7, 2019** – "Mary Beth St. John" posts a review of Velocity on Google.com
- **February 7, 2020** – Velocity files suit against "Mary Beth St. John a.k.a. Jane Doe" and indicates that it intends to amend the petition to state the true name(s) of defendant(s) "once his or her identity and capacity becomes known."
- **February 12, 2020** – Velocity files a Subpoena Duces Tecum (SDT) asking Google to provide information about the account of "Mary Beth St. John"
- **March 23, 2020** – Google provides the IP address for the account created on December 7, 2019, which posted the review
- **March 26, 2020** – Velocity files an Emergency Motion for Authorization to Obtain Identity via Discovery, seeking permission to serve an SDT on Charter Communications to obtain the real identity of "Mary Beth St. John"
- **March 27, 2020** – trial court authorizes the STD to Charter
- **April 29, 2020** – Lawyer moves to quash the Charter SDT on behalf of "the individual notified by Charter Communications that Charter intends to supply his or her information" connected to the IP address
- **June 9, 2020** – Velocity issues notices of depositions and subpoenas for oral depositions to Helen and Harold Bartholomew for June 25, 2020
- **July 28, 2020** – during her deposition, Helen Bartholomew produces a letter from Charter Communications regarding the SDT, but she denies using the fictitious name "Mary Beth St. John," states that she does not believe she posted the December 7, 2019 review, and supplies names of people who could have had access to her internet server/IP address.
- **September 10, 2020** – Velocity receives the certified return on the Charter subpoena, which confirms that the relevant IP address was registered to Harold and Helen Bartholomew

'cheap shots' at Mr. Bartholomew during the campaign, and Velocity suspected that Mr. or Mrs. Bartholomew might be responsible for the postings."

- **June 12, 2021** – Velocity files its First Supplemental and Amended Petition for Damages and Injunctive Relief, adding Helen and Harold Bartholomew as defendants.

Because the First Supplemental and Amending Petition, which named the Bartholomews as defendants, was filed approximately 18 months after the allegedly defamatory review was posted, the Bartholomews filed an exception of prescription asserting that the claims had prescribed.

In response, Velocity argued that the Bartholomews prevented Velocity from discovering their true identity; therefore, it argued that the First Supplemental and Amending Petition related back under La. C.C.P. art. 1153, or, in the alternative, the doctrine of *contra non valentem* suspended prescription and the cause of action was not prescribed. After a hearing, the trial court deferred ruling on the prescription exception to trial on the merits. The Bartholomews seek supervisory review.

*Argument*

The Bartholomews argue first that under La. C.C.P. art. 929, a peremptory exception, "when pleaded before or in the answer shall be tried and decided in advance of trial of the case." Although *Short v. Griffin*, 95-680 (La. 6/16/95), 656 So.2d 635, holds that a decision on an exception of prescription may be deferred when the evidence "is so intertwined with evidence on the merits that it would be a waste of judicial economy to try two matters in separate proceedings[,]" the Bartholomews contend that all the evidence necessary to decide the exception was before the trial court, which should have ruled. Second, the Bartholomews argue that the doctrine of *contra non valentem* does not apply to suspend prescription in this case, as Velocity was aware of the true identity of the defendants before the one-year prescriptive period had run.

In opposition, Velocity contends the trial court acted within its vast discretion in deferring a ruling on the prescription issue to trial on the merits, because the evidence on the exception was intertwined with the evidence on the merits, citing *Lodrigues v. Duhé*, 08-916 (La. 6/27/08), 983 So.2d 1287 (setting aside court of appeal's judgment to defer question of prescription to the merits), and *South Peters Hotel Investors, LP v. Roy Anderson Corp.*, 08-1035 (La. 6/6/08), 983 So.2d 908 (finding the trial court did not abuse its discretion in referring the prescription issues to the merits, thereby granting the writ, setting aside the court of appeal's judgment, and reinstating the trial court's judgment). As to the application of *contra non valentem*, Velocity argues that by filing the First Supplemental and Amended Petition on June 12, 2021, it filed within "one year of learning the information that the IP Address was registered to the Bartholomew address," and the accrual of prescription was suspended under *contra non valentem* until Velocity discovered this information.

*Analysis*

A trial court's ruling deferring to the merits a decision on an exception of prescription is reviewed for an abuse of discretion. *Short v. Griffin*, 656 So.2d at 636; *South Peters Hotel Investors, L.P.*, 938 So.2d at 908.

We find the trial court abused its discretion in deferring the Bartholomews' exception of prescription to the merits. In *Short v. Griffin*, the Louisiana Supreme Court recognized that La. C.C.P. art. 929 "neither precludes a trial court from referring a peremptory exception to trial on the merits nor divests the trial court of the long-recognized discretion to refer peremptory exceptions to the merits." *In re Medical Review Panel for Claim of Dede*, 98-830 (La. App. 5 Cir. 5/20/98), 713 So.2d 794, 796 (citing *Short*, 656 So.2d at 635). Yet *Short* also states: "the trial judge's options in deciding the trial of the exception include referring the exception to the merits *in appropriate cases*." 656 So.2d at 636 (emphasis added). In *Short*, a three-day trial on the exception of prescription was anticipated—an exercise that would have been repeated in the event of a merits trial. *Id*. at 635. Here, in contrast, the timeline of events is essentially undisputed, lengthy testimony as to the prescription issue appears unnecessary to determine the factual and legal issues presented, and Velocity has not established that the evidence relevant to prescription is intertwined with the merits of this case. Although we make no determination as to the Bartholomews' second assignment of error addressing the merits of their exception of prescription, we find the trial court erred in deferring a decision to trial on the merits. We therefore grant relators' writ application, vacate the trial court's ruling, and remand for a determination on the merits of relators' exception of prescription.

Gretna, Louisiana, this 2nd day of December, 2021.

**SMC**
**FHW**
**HJL**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/02/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-658**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Brett W. Tweedel (Relator)                Thomas G. Buck (Relator)
Scott C. Stansbury (Respondent)           Bernard A. Dupuy (Respondent)

### MAILED

David I. Courcelle (Respondent)
Attorney at Law
3500 North Causeway Boulevard
Exectutive Tower, Suite 185
Metairie, LA 70002

12/2/21

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David I. Courcelle
Attorney at Law
3500 N. Causeway Blvd - Suite 185
Metairie, LA 70002
21-C-658                12-02-21



9590 9402 2434 6249 3627 68

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6168

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☑ Agent ☑ Addressee

B. Received by *(Printed Name)*
Genevay

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt