| | | |
|---|---|---|
| ELY EDWARDS ENTERPRISES, INC. | * | NO. 2021-CA-0685 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| NEW ORLEANS REDEVELOPMENT AUTHORITY, | * | STATE OF LOUISIANA |
| PONTCHARTRAIN PARK CDC REAL ESTATE | * | |
| HOLDINGS, LLC, AND | * | |
| PONTCHARTRAIN PARK COMMUNITY DEVELOPMENT CORPORATION | * * * * * * * | |

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

I respectfully concur in part and dissent in part. I concur with the majority's determination that the exception was improperly granted. However, I dissent, in part, as I would vacate the judgment on appeal and refer the exception to the merits. Courts of this state have long recognized that, when a question of prescription[1] is so intertwined with the merits of a plaintiff's claim, the exception should be referred to the merits. *See Short v. Griffin*, 95-0680, pp. 2-3 (La. 6/16/95), 656 So.2d 635, 636; *S. Peters Hotel Invs., LP v. Roy Anderson Corp.*, 08-1035 (La. 6/6/08), 983 So.2d 908; *Lodrigues v. Duhe'*, 08-0916 (La. 6/27/08), 983 So.2d 1287, 1288. Indeed, when evidence on prescription is so interrelated with evidence on the merits that "it would be a waste of judicial economy to try the two matters in separate proceedings," the district court should exercise its discretion in favor of judicial efficiency. *See Short*, 95-0680, p. 3, 656 So.2d at 636.

---

[1] As the majority points out, the rules governing the burden of proof as to prescription also apply to peremption. *Lomont v. Bennett*, 14-2483, p. 7 (La. 6/30/15), 172 So.3d 620, 627.

1

Whether Edwards, as successor-in-interest to FNBC, is an indispensable party[2] is the critical question to be decided in the action for declaratory judgment. The merits of Edwards' claim of absolute nullity are entirely premised on whether its joinder in the prior lawsuit was needed for just adjudication. Likewise, Edwards' present lawsuit is only timely if its joinder in the prior lawsuit was needed for just adjudication. The evidence needed to resolve the question of peremption is the same evidence needed to adjudicate the merits of whether the prior summary judgment was absolutely null. The district court improperly and prematurely decided the exception and should have deferred ruling until trial.

---

[2] "The articles on joinder formerly discussed 'necessary' and 'indispensable' parties, but as amended in 1995, these terms were removed and replaced with 'the concept of 'joinder of parties needed for just adjudication.' " *1205 St. Charles Condo. Assoc. Inc. v. Abel*, 18-0566, p. 10 (La. App. 4 Cir. 12/19/18), 262 So.3d 919, 926 (quotation omitted).