CIRCLE, LLC                              *        NO. 2022-CA-0381

VERSUS                                   *        COURT OF APPEAL

M&L ENGINE, L.L.C.                       *        FOURTH CIRCUIT

                                         *        STATE OF LOUISIANA

                                         *

                                         *
                                   * * * * * * *


**LOVE, C.J., DISSENTS AND ASSIGNS REASONS**

Although summary judgments are favored, in *Marziale v. New Orleans Police Dept. C.C.M.S.I.*, 12-1713, p. 3 (La. App. 4 Cir. 9/18/13), 124 So.3d 1152, 1154, this Court explained whether an issue is genuine for purposes of summary judgment as follows:

> However, "[i]n determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Suire v. Lafayette City–Parish Consol. Gov't,* 04–1459; 04–1460; 04–1466; p. 11 (La. 4/12/05), 907 So.2d 37, 48. A fact is genuine and material if it "would matter at a trial on the merits." *Id.* "Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits." *Id.*

In the present matter, I find that resolution of Appellants' assigned errors— namely, that M&L's alleged breaches of the original contract between the parties precludes its right to any recovery, and Appellants' contention that the parties orally amended the original contract on January 27, 2020, to suspend Appellants' payment of the remaining $35,000.00 owed on the original contract— requires this Court to consider the merits, make credibility determinations, and weigh the evidence, functions specifically proscribed in *Marziale*, *supra*, in determining whether material facts remain that favor or preclude summary judgment relief.  In particular, the parties' dispute over the modification of the original contract at the January 27, 2020 meeting presents a genuine issue of material fact that is germane

to M&L's motion for summary judgment. Appellants aver that the fact of the January 27, 2020 meeting itself and various e-mails submitted to M&L constitute general corroborating evidence to support the contract's amendment. On the other hand, M&L acknowledges that a January 27, 2020 meeting occurred, however, its representative only recalled that Appellants mentioned equipment costs due to the late delivery of the meeting. The majority notes that the testimony of M&L's representative "did not negate or corroborate the alleged agreement's existence." However, I find resolution of the conflict between Appellants' contention that the contract was amended and M&L's denial and/or lack of recollection of an amendment hinges on a credibility determination reserved for the fact finder at the trial on the merits, not by an appellate court on summary judgment review. *See Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La. 1993).[1]

Moreover, the trial on the merits of Appellants' action against M&L is scheduled for a jury trial on January 17, 2023. The issues and evidence underlying M&L's motion for summary judgment and its related reconventional and third-party demands are so intertwined with the merits of Appellants' underlying action that the interests of judicial economy would be best served by trying these claims in one proceeding and referring the motion for summary judgment to trial on the merits. *See Short v. Griffin*, 95-0680, p. 3 (La. 6/16/95), 656 So.2d 635,636.

Based on the foregoing, I find that genuine issues of material fact remain that preclude summary judgment. Accordingly, I respectfully dissent and would reverse the trial court's grant of summary judgment in favor of M&L.

---

[1] In the case *sub* judice, the trial court did not address Appellants' claim that the original contract was amended. Specifically, the trial court made no determination as to the sufficiency of Appellants' corroborating evidence in support of the amendment or weighed the credibility of the parties as it pertained to the existence of any amended contract.