**NEVILLE KIRT, ET AL**      \*      **NO. 2022-C-0855**

**VERSUS**      \*

     **COURT OF APPEAL**

**REBECCA D  METZINGER,**      \*
**M.D., ET AL**      **FOURTH CIRCUIT**

     \*

     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-07873, DIVISION "L"
Honorable Kern A. Reese, Judge
**\* \* \* \* \* \***
**Judge Paula A. Brown**
**\* \* \* \* \* \***

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Paula A. Brown)

**DYSART, J., CONCURS WITH REASONS**

Benjamin J. Biller
SCHROEDER & TRAHAN
One Galleria Boulevard, Suite 700
Metairie, Louisiana 70001

C. Wm. Bradley, Jr.
BRADLEY, MURCHISON, KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, Louisiana 70163

     COUNSEL FOR DEFENDANTS/RELATORS

Hugo L. Chanez
THE COCHRAN FIRM – NEW ORLEANS
3850 N. Causeway Boulevard, Suite 1500
Metairie, Louisiana  70002

     COUNSEL FOR PLAINTIFFS/RESPONDENTS

                    **WRIT GRANTED;**
**JUDGMENT VACATED AND REMANDED**
                        **WITH INSTRUCTIONS**

                             **FEBRUARY 2, 2023**

PAB
RML

This is a medical malpractice action. Relators, Pauline A. Taquino, CRNA, and Parish Anesthesia of Tulane, LLC, seek review of the district court's December 19, 2022 judgment, ordering their exception of prescription to be bound over to trial on the merits. For the reasons that follow, we grant Relators' writ, vacate the district court's judgment and remand this matter with instructions.

**FACTS AND PROCEDURAL HISTORY**

The issue before us has a protracted history.[1] Relators and a third now-dismissed defendant ("Martin") first filed their exception of prescription on December 15, 2015. The bases for the exception of prescription were premised upon two differing theories: (1) failure to pay the filing fee for Martin rendered Respondents' entire request for a medical review panel invalid, and (2) the claims against Relators and Martin were prescribed because they were filed after the legal prescription period had run—Relators and Martin contended that the Respondents did not qualify as joint tortfeasors with the three original defendants, Drs. Metzinger and Strickland and Tulane Hospital, because the claims against those defendants had been dismissed.

---

[1] For an outline of the facts giving rise to the underlying medical malpractice claim, *see Kirt v. Metzinger*, 2019-1162 (La. 4/3/20), 341 So.3d 1211.

On November 15, 2017, the district court granted an exception of prescription based on the failure of Respondents, Alvin Kirt, Lamont Kirt, and Neville Kirt, to comply with statutorily required filing fees under the Louisiana Medical Malpractice Act. This Court affirmed the district court's ruling. *Kirt v. Metzinger*, 2019-0180 (La. App. 4 Cir. 6/19/19), 274 So.3d 1271 ("*Kirt I*"). The Louisiana Supreme Court granted a writ of *certiorari* and affirmed the exception of prescription as it related to Martin, but in all other respects reversed this Court's decision affirming the district court's judgment. *Kirt v. Metzinger*, 2019-1162 (La. 4/3/20), 341 So.3d 1211 ("*Kirt II*"). The Supreme Court vacated the district court's judgment in part on the issue of the filing fees and issued explicit instructions on Relators' alternative argument:

> The matter is remanded to the trial court for consideration and disposition of the alternative basis urged in support of the exception of prescription.

On remand, the district court allowed the parties to submit supplemental briefs, but did not conduct a hearing before issuing its June 20, 2022 order, denying Relators' exception. In reversing the district court's June 20, 2022 order, this Court found that the district court failed to comply with the Supreme Court's instructions outlined in *Kirt II* and remanded the matter to the district court to "conduct an evidentiary hearing on Relators-Defendants' alternative argument on the exception of prescription." *Kirt v. Metzinger*, 2022-0487, p. 3, (La. App. 4 Cir. 8/18/22) 346 So.3d 816, 817-818 ("*Kirt III*").

The district court held a hearing on Relators' alternative argument on the exception of prescription on December 16, 2022, but instead of rendering a decision, the district court issued a judgment which declared that the exception would be "BOUND OVER TO TRIAL ON THE MERITS." Relators filed their

2

notice of intent to seek this writ the same day and were assigned a January 16, 2023 return date. Relators timely filed this writ application on December 27, 2022.

**DISCUSSON**

At the December 16, 2022 hearing, the district court cited to *South Peters Hotel Investors, LP v. Roy Anderson Corporation*, 2008-1035 (La. 6/6/08), 983 So.2d 908, as authority for its decision to bind over its disposition on the exception of prescription until the trial on the merits. The district court stated that it was "not denying [Relators'] exception, but I can hold it over under that case I just cited to you, and I think I am going to do that." In *South Peters*, the Supreme Court, relying on its previous decision in *Short v. Griffin*, 1995-680 (La. 6/16/95), 656 So.2d 635, reasoned that, considering the complex facts of that case, the district court did not abuse its discretion in referring the prescription issues to be decided by a trial on the merits. Likewise, in *Short* the Court found the district court had not abused its discretion in referring an exception of prescription to the merits because "'the evidence on prescription [was] so intertwined with the evidence of the merits' that it would be a waste of judicial economy to try the two matters in separate proceedings." *Id*.

From our review of the record, we find this reasoning to be inapplicable to the matter now before us. While the dispute over Relators' alternative argument on their exception of prescription is certainly fact intensive, we do not find that it is so complex as to warrant it being bound over for a trial on the merits. Nor do we find that judicial economy is served by further delay; the facts relating to the exception of prescription are separate and distinct from the alleged facts relating to the potential liability of the defendants. *See Medical Review for Claim of Dede*, 1998-830 (La. App. 4 Cir. 5/20/98), 713 So.3d 784 (wherein the Supreme Court,

distinguishing *Short*, observed that the exception of prescription turned on the credibility of the parties as to when the respondents knew or should have known of the alleged malpractice); *see also Velocity Agency, LLC v. St. John*, 2021-658 (La. App. 5 Cir. 12/2/21), ___ So.3d ____, 2021 WL 5831407 (where that court found that the district court abused its discretion in deferring the exception of prescription to the merits where the timeline of events was essentially undisputed, lengthy testimony as to the prescription issue was unnecessary to determine the factual and legal issues presented, and the plaintiff had not established that the evidence relevant to prescription was intertwined with the merits of the case). If, however, the district court finds in its discretion that it is necessary to further develop the particulars related to the exception, an evidentiary hearing is the appropriate vehicle.

## CONCLUSION

For the foregoing reasons we find that the district court abused its discretion when it chose to bind this matter over for trial. Therefore, we grant Relators' writ application, vacate the district court's ruling, and remand this matter to the district court to comply with the directive issued by the Supreme Court in *Kirt II*, *i.e.*, to reach a *disposition* concerning Relator's alternative argument on their exception of prescription.

**WRIT GRANTED;**
**JUDGMENT VACATED AND REMANDED**
**WITH INSTRUCTIONS**