| | | |
|---|---|---|
| **EBONY HOLMES** | * | **NO. 2024-CA-0047** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CITY OF NEW ORLEANS,** | * | |
| **SEWERAGE AND WATER** | | **FOURTH CIRCUIT** |
| **BOARD OF NEW ORLEANS,** | * | |
| **HARD ROCK** | | **STATE OF LOUISIANA** |
| **CONSTRUCTION, LLC,** | * * * * * * * | |
| **TIDEWATER** | | |
| **CONSTRUCTORS, LLC, V** | | |
| **KEELER & ASSOCIATES,** | | |
| **INC. AND KINSALE** | | |
| **INSURANCE COMPANY** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07540, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Joy Cossich Lobrano)

Gerald Wasserman
LAW OFFICES OF GERALD WASSERMAN, LLC
3939 North Causeway Boulevard, Suite 200
Metairie, LA 70002

Steven E. Psarellis
STEVEN E. PSARELLIS, APLC
3939 N. Causeway Blvd., Suite 100
Metairie, LA 70002

     COUNSEL FOR PLAINTIFF/APPELLANT

Ethan N. Penn
Kathleen D. Lambert
MUSGRAVE MCLACHLAN & PENN, LLC
1555 Poydras Street, Suite 2100
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

                         **VACATED AND REMANDED**
                               **JULY 16, 2024**

This is a property damage claim. Plaintiff/appellant, Ebony Holmes ("Holmes"), appeals the October 12, 2023 order and May 14, 2024 judgment of the district court, which granted an exception of prescription in favor of defendant/appellee, Tidewater Constructors, LLC ("Tidewater"), and dismissed Holmes' claims against Tidewater with prejudice. For the reasons that follow, we vacate the judgment and remand this matter for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Holmes owns property on Allen Toussaint Boulevard in New Orleans, Louisiana (the "Property"), which she claims was damaged during a public works project to repair streets in her neighborhood. On August 19, 2022, Holmes filed a petition for damages, containing the following allegations.

- The City of New Orleans (the "City") contracted with Hard Rock Construction, LLC ("Hard Rock") to replace water and drainage lines at or near the Property.

- Hard Rock subcontracted with Tidewater to perform the work.

- Tidewater further subcontracted laborers and equipment from V Keeler & Associates, Inc. ("V Keeler").

1

- The laborers were working under the supervision of Tidewater.

- On or about February 26, 2021, one of the laborers was operating the excavator. As the bucket was being raised to dump a load of dirt, it got caught on a power line causing damage to the power line, resulting in a power outage.

- Holmes reported the damage to the City, and the power was restored.

- Holmes first began noticing exterior and interior damage to the Property on or about August 28, 2021. Her doors were not closing properly, her windows would not open, and cracks appeared in her floor tiles, ceilings, and walls.

In her petition, Holmes named as defendants the City, the Sewerage and Water Board of New Orleans, Hard Rock, Tidewater, V Keeler, and their insurers. Holmes alleged that the negligence of these defendants caused the accident. She contended that the defendants "are responsible jointly, severally, and *in solido* for the construction and maintenance of the public streets; in particular, plaintiff's property. . . . "

On October 11, 2022, Hard Rock filed a third party demand against Tidewater and its insurer, arguing that pursuant to the subcontract, Tidewater owes Hard Rock indemnity and/or contribution for any award to Holmes due to Tidewater's negligence. Hard Rock alleged that, pursuant to the subcontract, it tendered its defense to Tidewater, but the tender was not accepted.

On August 22, 2023, Tidewater filed an exception of prescription, arguing that Holmes' claim is time-barred because she failed to file her lawsuit within one year of the February 26, 2021 incident regarding the power line. On September 14, 2023, Holmes filed an opposition, arguing that she timely filed her lawsuit within one year of her discovery of the damage to the doors, windows, tiles, ceilings, and

walls of the Property. She also argued, in the alternative, that she timely filed her lawsuit within two years from completion and acceptance of the public works. In its September 22, 2023 reply memorandum, Tidewater countered that Holmes knew or should have known of her property damage at the time of the power line incident. Tidewater further argued that the two-year prescriptive period for damage from public works projects applies only to the State and its political subdivisions, not to private contractors or subcontractors like Tidewater.

On September 29, 2023, a hearing went forward before the district court, where the parties presented oral arguments but did not introduce any evidence. Subsequently, the district court rendered an order on October 12, 2023 and judgment dated May 14, 2024, which granted the exception of prescription and dismissed Holmes' claims against Tidewater with prejudice. This appeal follows.[1]

---

[1] Holmes sets forth five assignments of error on appeal, as follows:

1. The trial court erred in failing to acknowledge that plaintiff's operative date for damages to her home was August 28, 2021 and not February 26, 2021.

2. The trial court erred in granting the Exception of Prescription when suit was timely filed within one year of the discovery of the damages to plaintiffs home in accordance with La. C.C. Article 3493.

3. The trial court erred in granting the Exception of Prescription that was tolled under the doctrine of Contra Non Valentem when the actions of defendant constituted a continuing tort giving rise to successive damages and prescription is suspended until such time as the harmful conduct is abated.

4. The trial court erred in granting the Exception of Prescription when suit was timely filed within two years in accordance with La. R.S. 9:5624.

5. The trial court erred in granting Defendant's Exception of Prescription which factual issue should be decided by the jury.

For the reasons discussed in the remainder of this opinion, we find merit in the fifth assignment of error. Accordingly, we pretermit consideration of the remaining assignments.

## LAW AND ANALYSIS

**Standard of Review**

The standard of review on appeal turns on whether evidence was introduced at the hearing of the exception of prescription. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, pp. 7-8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence was introduced, as was the case here, the judgment is reviewed *de novo* to determine whether the district court's decision was legally correct. *Id.*, p. 8, 231 So.3d at 800. In this circumstance, "the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

**Peremptory Exception of Prescription**

"As a general rule, the party pleading prescription bears the burden of proving the plaintiff's claim has prescribed; however, when a claim has prescribed on its face, the burden shifts to the plaintiff to demonstrate prescription was suspended or interrupted." *Lopez v. House of Faith Non-Denomination Ministries*, 09-1147, p. 3 (La. App. 4 Cir. 1/13/10), 29 So.3d 680, 681. "[W]hen the plaintiff alleges specific dates [in the petition], it can be determined whether the petition is prescribed on its face." *Galloway*, 17-0413, p. 9, 231 So.3d at 801. Conversely, "[w]hen the plaintiff fails to allege specific dates in the petition, it cannot be determined whether the suit is prescribed on the face of the petition." *Id.*, p. 9, 231 So.3d at 800-01.

"[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-0646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268. "The applicable prescriptive period is determined by the character of the action pled in the petition." *Galloway*, 17-0413, pp. 9-10, 231 So.3d at 801.

The parties' arguments implicate three prescriptive periods under Louisiana law.

- **La. C.C. art. 3492. Delictual actions**

  Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. . . .

- **La. C.C. art. 3493. Damage to immovable property; commencement and accrual of prescription**

  When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.

- **La. R.S. 9:5624. Actions for damages to property damaged for public purposes**

  When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works.

Holmes argues that, under Article 3493, prescription did not begin to run until she discovered defects in her doors, windows, and various cracks throughout the Property, and she filed her petition within one year of that date. She points out that her petition lacks any allegation that the incident involving the power line

5

damaged her Property; she alleged only damage to the power line. She further contends that her property damage was ongoing through the construction, and the continuing tort doctrine applies. Alternatively, she claims that if Section 5624 applies, her petition was timely filed within two years.

Tidewater counters that the power line incident was the type of actual and appreciable damage that should have placed Holmes on guard, even though she came to a more precise realization of further damage later. *See, e.g.*, *Hogg v. Chevron USA, Inc.*, 09-2632, p. 13 (La. 7/6/10), 45 So.3d 991, 1001. According to Tidewater, the power line incident started the running of prescription under La. C.C. arts. 3492 and 3493, and Holmes failed to timely file suit within that time. Tidewater also argues that Holmes failed to argue in the lower court a continuing tort theory and her petition lacks factual allegations to support that theory. Lastly, Tidewater asserts that Section 5624 does not apply to private contractors.

To determine which prescriptive period applies, we must examine the character of the action alleged. *See Galloway*, 17-0413, pp. 9-10, 231 So.3d at 801. After the appropriate prescriptive period is determined, the dispute regarding timeliness hinges on when the prescriptive period began. Holmes alleged damage to the Property, an immovable, in the course of a public works project, pursuant to a contract between the City and Hard Rock and ensuing subcontracts of that work. She alleged that V Keeler (a private sub-subcontractor) supplied the equipment and laborers performing the work and that the laborers were under the control of Tidewater (a private subcontractor). The petition claims that the negligence of all

the defendants caused Holmes' damages and that all of the defendants "are responsible jointly, severally, and *in solido* for the construction and maintenance of the public streets; in particular, plaintiff's property. . . ."

The character of this action sounds in property damage. However, reviewing the face of the petition alone and taking its allegations as true, we cannot discern at this stage whether the allegations implicate the prescriptive period for damage to immovable property (Article 3493) or for damage from public works (Section 5624). We find it premature to determine which prescriptive period applies until factual issues of causation of damages, and the date of Holmes' discovery of damages, are resolved. Holmes correctly points out that her petition contains no allegations that the incident involving the power line damaged the Property. Rather, Holmes explicitly alleged that the power line was damaged. We cannot intuit from the face of the petition whether the power line incident caused the damage Holmes allegedly observed in August 2021 or whether Holmes knew or should have known that the disputed construction damaged the Property at an earlier time. These are factual disputes, which must be decided with evidence.

Moreover, at this juncture and on the face of the petition alone, we can neither decide nor reject the argument that Section 5624 applies to Tidewater or other private contractors. Tidewater relies on three Supreme Court cases for the proposition that Section 5624 is intended to provide a peremptive period of two years in which claims must be brought against the State and its political subdivisions. *See Avenal v. State*, 03-3521 (La. 10/19/04), 886 So.2d 1085; *City of*

7

*New Orleans v. T.L. James & Co.*, 96-1112 (La. 1/14/97), 685 So.2d 111; *Lyman v. Town of Sunset*, 500 So.2d 390 (La. 1987). Despite Tidewater's insistence otherwise, none of those cases stated a bright line rule that Section 5624 is inapplicable to private contractors. Earlier Louisiana cases, under their particular facts, have applied a prior version of Section 5624 to claims against private contractors. *See Florsheim v. Dep't of Highways*, 201 So.2d 155 (La. App. 2d Cir. 1967); *Oswalt v. Irby Const. Co.*, 424 So.2d 348 (La. App. 2d Cir. 1982). The courts have also recognized an important caveat for Section 5624 to apply: the damage to private property must be the intentional or necessary consequence of construction work incidental to a public purpose. *Roberts v. Murphy Oil Corp.*, 577 So.2d 308, 310 (La. App. 4th Cir. 1991)(citing *Lyman*, 500 So.2d 390; *Oswalt*, 424 So.2d 348); *see also Perkins v. Simon*, 265 So.2d 804, 808 (La. App. 3d Cir. 1972)(holding that Section 5624 "is not applicable to a claim for damages resulting exclusively from the negligent acts or omissions of the principal, or its agents or employees"). These considerations further implicate factual questions of causation, which must be decided on the evidence.[2]

In the particular procedural posture presented to this Court, we find it imprudent to decide the legal question of prescription based on the allegations in the petition, which are entangled with the merits of the case. We conclude that the district abused its discretion in failing to refer the exception of prescription to the merits at trial.

---

[2] Further, no date for the completion and acceptance of the public works is alleged in the petition. *See* La. R.S. 9:5624.

Louisiana courts have long recognized that "the judge's options in deciding the trial of the exception [of prescription] include referring the exception to the merits in appropriate cases." *Short v. Griffin*, 95-0680, p. 2 (La. 6/16/95), 656 So.2d 635, 636. Where the facts relating to the exception of prescription are separate and distinct from the alleged facts relating to the potential liability of the defendants, courts have found that delaying trial of the exception inappropriate, as it does not serve judicial economy. *Kirt v. Metzinger*, 22-0855, pp. 3-4 (La. App. 4 Cir. 2/2/23), 357 So.3d 493, 495; *In re Med. Rev. Panel for Claim of Dede*, 98-0830, p. 2 (La. App. 4 Cir. 5/20/98), 713 So.2d 794, 795; *Velocity Agency, LLC v. St. John*, *unpub.*, 21-658, p. 4 (La. App. 5 Cir. 12/2/21), 2021 WL 5831407, at *3. Such is not the case here. Conversely, where the question of prescription is so intertwined with the merits of the plaintiff's claim, the exception of prescription should be referred to the merits. *S. Peters Hotel Invs., LP v. Roy Anderson Corp.*, 08-1035 (La. 6/6/08), 983 So.2d 908; *Lodrigues v. Duhe'*, 08-0916 (La. 6/27/08), 983 So.2d 1287, 1288; *Short*, 95-0689, pp. 2-3, 656 So.2d at 636; *Canal St. Land Co. v. MAPP Constr., LLC*, 22-0445, p. 7 (La. App. 4 Cir. 12/14/22), 353 So.3d 1055, 1060, *writ denied*, 23-00049 (La. 3/28/23), 358 So.3d 506, *and writ denied*, 23-00054 (La. 3/28/23), 358 So.3d 509, *and writ denied*, 23-00051 (La. 3/28/23), 358 So.3d 511. In such cases, evidence on prescription and evidence on the merits are so interrelated that "it would be a waste of judicial economy to try the two matters in separate proceedings." *Short*, 95-0680, p. 3, 656 So.2d at 636; *Canal St. Land Co.*, 22-0445, pp. 6-7, 353 So.3d at 1060 (evidence to prove causation in

9

negligence claim was substantially interrelated with evidence to prove prescription).

In the matter on appeal, the evidence required to resolve the exception of prescription is so intertwined with the evidence required to prove the merits of Holmes' property damage claims against the public entities and respective contractors that judicial economy is not served in adjudicating prescription at this juncture. The district court abused its discretion in failing to refer the exception to the merits. The judgment granting the exception of prescription must be vacated. *See Canal St. Land Co.*, 22-0445, p. 7, 353 So.3d at 1060.

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, we vacate the judgment granting the exception of prescription and dismissing the claims against Tidewater. We remand this case to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED**